# EXHIBIT "1"

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| April 28, 2021 5:33:44 PM EDT | | 895 | 23 | Received |

Case 1:21-cv-02202-JPB  Document 1-1  Filed 05/26/21  Page 2 of 110

From: Maria Hernandez     Fax: 19723543461     To:     Fax: (877) 885-1567     Page: 1 of 23     04/28/2021 4:18 PM



**J. Martin Futrell**

Writer's Direct Dial: (470) 881-8806
Writer's Fax: (470) 881-8819
Writer's E-mail: jmfutrell@witheritelaw.com

April 28, 2021

**VIA FACSIMILE: (877) 885-1567**
Mr. Jeanine Drake
Sedgwick Claims Management
P.O. Box 14667
Lexington, KY  40512-4667

|  | Re: | Our Client: | Lynden E. Hepburn |
|---|---|---|---|
|  |  | Your Insured.: | Horizon Midwest/Horizon Freight System |
|  |  | Your Claim No. : | 302043946360005 |
|  |  | Date of Accident: | 1/23/2020 |

Dear Mr. Drake:

Enclosed please find a courtesy file-stamped copy of the Complaint filed in the above-referenced case.

Please be advised that all prior settlement offers are rejected and all prior settlement demands are rescinded.

Should you have any questions, please contact this office at any time.

Thank you.

Sincerely,

J. Martin Futrell

JMF/mgh
Enclosure

**600 W PEACHTREE STREET NW, SUITE 740, ATLANTA, GA 30308 | WITHERITELAW.COM**

4-28-2021                    302043946360005                    5220210428027563

**E-FILED**
21EV002534
4/26/2021 1:18 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

LYNDEN HEPBURN, and
RHONDA HEPBURN,

     Plaintiffs,

v.

HORIZON MIDWEST INC,
HORIZON FREIGHT SYSTEM INC,
QUINCY BERNARD HARVILL, and
OLD REPUBLIC INSURANCE COMPANY,

     Defendants.

CIVIL ACTION

FILE NO. _____

**JURY TRIAL DEMANDED**

_____

## COMPLAINT FOR DAMAGES

COME NOW LYNDEN HEPBURN and RHONDA HEPBURN, ("Plaintiffs"), by and through their counsel of record, and files this their Complaint for Damages, showing this Honorable Court as follows:

1.

This is an action for personal injury damages arising out of a motor vehicle collision that occurred on January 23, 2020, in Fulton County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.

Plaintiffs sustained personal injuries as a result of a motor vehicle collision that occurred at approximately 5:58 am on January 23, 2020, in Fulton County, Georgia.

3.

Plaintiffs are citizens of Fulton County, Georgia.

**COMPLAINT FOR DAMAGES – Page 1**

4.

Defendant Quincy Bernard Harvill ("Harvill") resides at 2515 Martin Circle, Birmingham, Jefferson County, Alabama 35235, and pursuant to O.C.G.A. § 9-10-94 may be served with a copy of the summons and complaint at this address.

5.

Harvill is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-12-1, known as Georgia's Non-resident Motorist Act. Harvill is also subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, as Harvill committed a tortious act and/or omission within the State of Georgia.

6.

Once served with process, Harvill is subject to the jurisdiction and venue of this Court.

7.

Harvill was properly served with process in this civil action.

8.

Harvill was sufficiently served with process in this civil action.

9.

Harvill is subject to the jurisdiction of this Court.

10.

Defendant Horizon Midwest Inc, ("Horizon Midwest") is a foreign corporation with its principal place of business in a state other than Georgia and is a federal motor carrier authorized to transport goods for hire in interstate commerce by the Federal Motor Carrier Safety Administration. Horizon Midwest has a U.S. Department of Transportation Number 23760.

11.

Horizon Midwest may be served with process by delivering a copy of the Summons and Complaint to its process agent designated to accept service of process in the State of Georgia

**COMPLAINT FOR DAMAGES – Page 2**

under the Federal Motor Carrier Safety Regulations: National Resident Agent Service, Inc. c/o

Rogers & Cates PC/David Lee Cates at 2300 Henderson Mill Road, Suite 330, Atlanta, DeKalb

County, Georgia 30345.

12.

Horizon Midwest may also be served with process pursuant to O.C.G.A. § 9-10-94 by

delivering a copy of the Summons and Complaint to its registered agent, David Ferrante, 8777

Rockside Road, Cleveland, Ohio 44125. Once served with process, Horizon is subject to the

jurisdiction and venue of this Court.

13.

Horizon was properly served with process in this civil action.

14.

Horizon was sufficiently served with process in this civil action.

15.

Horizon is subject to the jurisdiction of this Court.

16.

Horizon Freight System Inc ("Horizon Freight") is a foreign corporation with a principal place

of business in Cleveland, Ohio, and is a federal motor carrier authorized under the Federal Motor

Carrier Safety Administration to transport goods for hire in interstate commerce. Horizon Freight is

assigned a U.S. Department of Transportation Number 237260.

17.

Horizon Freight may be served with process by delivering a copy of the Summons and

Complaint to its process agent designated to accept service of process in the State of Georgia

under the Federal Motor Carrier Safety Regulations: National Resident Agent Service, Inc. c/o

Rogers & Cates PC/David Lee Cates at 2300 Henderson Mill Road, Suite 330, Atlanta, DeKalb

County, Georgia 30345.

**COMPLAINT FOR DAMAGES – Page 3**

18.

Horizon Freight may also be served with process pursuant to O.C.G.A. § 9-10-94 by delivering a copy of the Summons and Complaint to its registered agent, David Ferrante, 8777 Rockside Road, Cleveland, Ohio 44125. Once served with process, Horizon is subject to the jurisdiction and venue of this Court.

19.

Defendant Old Republic Insurance Company ("Old Republic") is a foreign corporation with its principal place of business in a state other than Georgia, and is authorized to transact business in the state of Georgia.

20.

At the time of the Subject Complaint, Horizon Freight and Horizon Midwest had automobile liability coverage for any damages that were caused through the negligent operation of the commercial motor vehicle that Harvill was operating at the time of the subject collision.

21.

The liability coverage for the collision described in this Complaint is being provided to Horizon through a policy of insurance issued by Old Republic and further identified as Policy Number MWTT314151, which provides coverage to Horizon for any damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that Harvill was operating at the time of the subject collision.

22.

Old Republic is subject to the jurisdiction of this Court, pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, because Old Republic was the insurer providing liability coverage for the defendant motor carrier Horizon at the time of the collision described in this Complaint.

**COMPLAINT FOR DAMAGES – Page 4**

23.

Old Republic may be served with the Summons and Complaint upon its registered agent: The Prentice-Hall Corporation System at 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

24.

Once served with process as described in this paragraph, Old Republic is subject to the jurisdiction and venue of this Court.

25.

Old Republic may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 33-4-3.

26.

Venue in the above-styled civil action is proper in this County and Court pursuant to O.C.G.A. § 40-117(b), as Horizon Freight and Horizon Midwest are motor carriers and the Subject Incident giving rise to this action occurred in Fulton County.

## FACTS

27.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

28.

On or about January 23, 2020, at approximately 5:58 am, Plaintiff Lynden Hepburn was operating a black 2016 Honda Pilot in the third lane from the concrete median heading east on Interstate 20 in Fulton County, Georgia. Plaintiff Rhonda Hepburn was riding as a passenger.

29.

On or about January 23, 2020, at approximately 5:58 am, Harvill was operating a tractor-trailer heading east on Interstate 20 in Fulton County, Georgia directly behind Plaintiffs' vehicle.

30.

On or about January 23, 2020, at approximately 5:58 am, Harvill saw Plaintiffs' vehicle in front of his vehicle.

**COMPLAINT FOR DAMAGES – Page 5**

31.

Suddenly and without warning to Plaintiffs, Harvill slammed the Horizon tractor-trailer into the rear of Plaintiffs' vehicle, causing Plaintiffs' vehicle to collide with the rear of the vehicle in front of Plaintiffs' vehicle.

32.

Harvill slammed the Horizon tractor-trailer into the rear of Plaintiffs' vehicle, causing Plaintiffs' vehicle to collide with the rear of the vehicle in front of Plaintiffs' vehicle, causing Plaintiffs to suffer injuries.

33.

At all times related to the subject collision, Plaintiffs were acting in a reasonable and prudent manner.

34.

Defendants do not blame Plaintiffs for causing or contributing to the cause of the subject collision.

35.

Defendants are 100% at fault for causing the subject collision.

36.

No act or failure to act on the part of the Plaintiffs caused or contributed to the cause of the subject collision.

37.

No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

38.

No act or failure to act on the part of the Plaintiffs caused or contributed to the cause of Plaintiffs' claimed injuries.

**COMPLAINT FOR DAMAGES – Page 6**

39.

No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiffs' claimed injuries.

40.

Defendants agree that they should fairly compensate Plaintiffs for all injuries and damages that were caused by the subject collision.

41.

As a result of the collision, Plaintiffs suffered serious and permanent injuries and damages.

### COUNT I: DIRECT ACTION AGAINST OLD REPUBLIC INSURANCE COMPANY

42.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

43.

Old Republic provided liability insurance for the driver and/or truck that was involved in the subject motor vehicle collision.

44.

Old Republic agreed to provide insurance coverage to Horizon in consideration for the payment of insurance premiums.

45.

Old Republic was transacting business in the State of Georgia and in Fulton County, Georgia on the date of the subject incident, and at all material times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

46.

Plaintiffs, as members of the public injured due to a common carrier's negligence, are third-party beneficiaries to that agreement.

**COMPLAINT FOR DAMAGES – Page 7**

47.

Pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, Old Republic is subject to this Direct Action.

## COUNT II: NEGLIGENCE OF HORIZON MIDWEST INC

48.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

49.

At all times material hereto, Harvill was an employee of Horizon Midwest.

50.

At all times material hereto, Harvill was acting within the scope and course of his employment with Horizon Midwest.

51.

At all times material hereto, Harvill driving under dispatch by Horizon Midwest and was a statutory employee of Horizon Midwest under the Federal Motor Carrier Safety Regulations.

52.

At all times material hereto, Harvill was acting within the scope and course of his statutory employment and dispatch by Horizon Midwest.

53.

At all times material hereto, Harvill was authorized by Horizon Midwest to operate the tractor-trailer that was involved in the collision described in this Complaint.

54.

Horizon Midwest is liable for the negligent actions and omissions of Harvill pursuant to the doctrine of *respondeat superior*.

55.

Horizon Midwest was the owner of the vehicle operated by Harvill and is therefore liable for damages caused in this case.

**COMPLAINT FOR DAMAGES – Page 8**

56.

Horizon Midwest was also itself negligent in the following ways:

a.     Negligently hiring or contracting with Defendant Quincy Bernard Harvill to drive the vehicle at issue;

b.     Negligently training Defendant Quincy Bernard Harvill;

c.     Negligently entrusting Defendant Quincy Bernard Harvill to drive the vehicle professionally;

d.     Negligently retaining Defendant Quincy Bernard Harvill to drive the vehicle at issue;

e.     Negligently qualifying Defendant Quincy Bernard Harvill;

f.     Failing to supervise Defendant Quincy Bernard Harvill; and

g.     Otherwise failing to act as a reasonably prudent company under the circumstances.

57.

As a direct and proximate result of the negligence of Defendants Quincy Bernard Harvill and Horizon Midwest Inc in the ensuing collision, Plaintiffs sustained severe and permanent injuries.

58.

Horizon Midwest Inc is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiffs.

### COUNT III: NEGLIGENCE OF HORIZON FREIGHT SYSTEM INC

59.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

60.

In the alternative, at all times material hereto, Harvill was an employee of Horizon Freight.

**COMPLAINT FOR DAMAGES – Page 9**

61.

At all times material hereto, Harvill was acting within the scope and course of his employment with Horizon Freight.

62.

At all times material hereto, Harvill driving under dispatch by Horizon Freight and was a statutory employee of Horizon Freight under the Federal Motor Carrier Safety Regulations.

63.

At all times material hereto, Harvill was acting within the scope and course of his statutory employment and dispatch by Horizon Freight.

64.

At all times material hereto, Harvill was authorized by Horizon Freight to operate the tractor-trailer that was involved in the collision described in this Complaint.

65.

Horizon Freight is liable for the negligent actions and omissions of Harvill pursuant to the doctrine of *respondeat superior*.

66.

Horizon Freight was the owner of the vehicle operated by Harvill and is therefore liable for damages caused in this case.

67.

Horizon Freight was also itself negligent in the following ways:

a.      Negligently hiring or contracting with Defendant Quincy Bernard Harvill to drive the vehicle at issue;

b.      Negligently training Defendant Quincy Bernard Harvill;

c.      Negligently entrusting Defendant Quincy Bernard Harvill to drive the vehicle professionally;

**COMPLAINT FOR DAMAGES – Page 10**

d.      Negligently retaining Defendant Quincy Bernard Harvill to drive the vehicle at

issue;

e.      Negligently qualifying Defendant Quincy Bernard Harvill;

f.      Failing to supervise Defendant Quincy Bernard Harvill; and

g.      Otherwise failing to act as a reasonably prudent company under the

circumstances.

68.

As a direct and proximate result of the negligence of Defendants Quincy Bernard Harvill

and Horizon Freight System Inc in the ensuing collision, Plaintiffs sustained severe and

permanent injuries.

69.

Horizon Freight is liable for all damages allowed by law for the injuries, damages, and

losses sustained by Plaintiffs.

### COUNT IV: NEGLIGENCE OF DEFENDANT QUINCY BERNARD HARVILL

70.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

71.

At all relevant times, Harvill owed the following civil duties to Plaintiffs but violated those

duties in the following ways:

a.      Following too closely behind Plaintiffs' vehicle;

b.      Failing to maintain proper control of his vehicle;

c.      Failure to maintain his lane of travel;

d.      Failing to keep a proper lookout for traffic;

e.      Failing to make reasonable and proper observations while driving;

f.      Failing to timely apply the brakes of his vehicle in order to avoid the collision in

question;

**COMPLAINT FOR DAMAGES – Page 11**

g.     Failing to keep an assured safe distance from plaintiff's vehicle;

h.     Failing to drive at a reasonable and prudent speed under the conditions;

i.     Failing to obey traffic laws;

j.     Operating a cellular mobile device while driving; and

k.     Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

72.

Defendant was also negligent *per se* in that he violated a number of laws and regulations governing his operation of a vehicle, including:

a.     Following Too Closely (O.C.G.A. § 40-6-49);

b.     Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

c.     Failure to Drive Vehicle at a Reasonable and Prudent Speed Under the Conditions (O.C.G.A. § 40-6-180);

d.     Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

e.     Reckless Driving (O.C.G.A. § 40-6-390).

73.

As a result of Harvill's negligence, Plaintiffs suffered severe and permanent injuries.

74.

As a direct and proximate result of the negligence and negligence per se of Harvill, Plaintiffs have incurred and are entitled to recover special damages, including, but not limited to, past and future medical expenses and past and future lost income, and other miscellaneous expenses, in an amount that will be proved at trial. Plaintiffs are also entitled to recover for their general damages, including past and future pain and suffering and related damages.

## COUNT V: COMBINED AND CONCURRING NEGLIGENCE

75.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

**COMPLAINT FOR DAMAGES – Page 12**

76.

Each of the Defendants Harvill, Horizon Freight, or Horizon Midwest acted in a manner which either alone, and/or combined and concurring with the actions of the other Defendants' acts of negligence described herein, directly and proximately caused the collision and Plaintiffs' injuries.

77.

As a direct and proximate result of the negligence of the Defendants Harvill, Horizon Freight, or Horizon Midwest, Plaintiffs were physically injured, have suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

78.

As a direct and proximate result of the breaches of duty by Defendants Harvill, Horizon Freight, or Horizon Midwest, Plaintiffs are entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

### COUNT VI: PUNITIVE DAMAGES

79.

Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

**COMPLAINT FOR DAMAGES – Page 13**

80.

The act of Defendants Harvill, Horizon Midwest, or Horizon Freight were willful, wanton, and/or demonstrated that entire want of care, which raises the presumption of a conscious indifference to consequences.

81.

Accordingly, Defendants are liable to the Plaintiffs for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future.

**WHEREFORE**, Plaintiffs pray that the following relief be granted:

a)     A trial by jury;

b)     For Summons and Complaint to issue against each Defendant;

c)     For judgment against each Defendant to compensate Plaintiffs for their past and future injuries and damages;

d)     For judgment against each Defendant for attorneys' fees and expenses of litigation;

e)     For judgment against each Defendant for punitive damages as shown to be fair and appropriate at the trial of this case;

f)     Court costs, discretionary costs, and prejudgment interest; and

g)     For all such further and general relief which this Court deems just and proper.


Dated this 26th day of April, 2021.

WITHERITE LAW GROUP, LLC


/s/ J. Martin Futrell
J. MARTIN FUTRELL
GEORGIA STATE BAR NUMBER 450872
ATTORNEY FOR PLAINTIFFS

600 WEST PEACHTREE STREET, NW, SUITE 740

**COMPLAINT FOR DAMAGES – Page 14**

ATLANTA, GA 30308
TELEPHONE:      470-881-8806
FACSIMILE:      470-880-5095
E-MAIL:      MARTIN.FUTRELL@WITHERITELAW.COM

**COMPLAINT FOR DAMAGES – Page 15**


**J. Martin Futrell**

Writer's Direct Dial: (470)881-8806
Writer's Fax: (470)881-8819
Writer's E-mail: jmfutrell@witheritelaw.com

April 28, 2021

**VIA FACSIMILE: (877) 885-1567**
Mr. Jeanine Drake
Sedgwick Claims Management
P.O. Box 14667
Lexington, KY 40512-4667

| | | |
|---|---|---|
| Re: | Our Client: | Lynden E. Hepburn |
| | Our File No: | 263233 |
| | Your Insured: | Horizon Midwest/Horizon Freight System |
| | Claim No: | 302043946360005 |
| | Date of Loss: | 1/23/2020 |

Dear Mr. Drake:

Please see the attached return of service for Defendants' Horizon Midwest Inc., Horizon Freight System Inc. and Old Republic Insurance Company.

Thank you.

Sincerely,

J. Martin Futrell

JMF/mgh
Enclosure

## AFFIDAVIT OF SERVICE

| Case:<br>21EV002534 | Court:<br>Fulton County State Court State of Georgia | County:<br>Fulton | Job:<br>5609433 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Lynden Hepburn, And Rhonda Hepburn | | Defendant / Respondent:<br>Horizon Midwest Inc, Horizon Freight System Inc, Quincy Bernard<br>Harvill, And Old Republic Insurance Company | |
| Received by:<br>Chilton Gibbs and Associates, LLC | | For:<br>Witherite Law Group, LLC | |
| To be served upon:<br>Horizon Freight System Inc c/o National Resident Agent Service Inc, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** David Lee Cates, National Resident Agent Service, Inc: 2300 Henderson Mill Rd Suite 330, Atlanta, GA 30345-0002

**Manner of Service:** Registered Agent, Apr 27, 2021, 1:36 pm EDT

**Documents:** Summons, Complaint for Damages, Plaintiffs' First Interrogatories, First Request For Production Of Documents, And First Request For Admissions To Defendant Horizon Freight System Inc (Received Apr 26, 2021 at 3:46pm EDT)

**Additional Comments:**
1) Successful Attempt: Apr 27, 2021, 1:36 pm EDT at National Resident Agent Service, Inc: 2300 Henderson Mill Rd Suite 330, Atlanta, GA 30345-0002 received by David Lee Cates. Age: 60-65; Ethnicity: Caucasian; Gender: Male; Weight: 185; Height: 5'10"; Hair: Gray;

_____    4/28/21
Thomas David Gibbs III    Date

Chilton Gibbs and Associates, LLC
723 Main Street
Stone Mountain, GA 30083
404-368-3049

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
Notary Public
4/28/21    12/27/2024
Date    Commission Expires

AMMY MERA
NOTARY
PUBLIC
DEKALB COUNTY, GEORGIA



IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 21 EX 00000 2

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings.

IT IS HEREBY ORDERED that the following persons:

ABRAHAM, ROBYN L.
ALLEN, LAKEITA TYESHA
ANDERSON, WILLIAM JAMES
ANDREWS II., GENE EDWARD
AGUIRRE, ANTUAN SAUL
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY JR., STEVEN MICHAEL
BARRON, SHANE WILLIS
BARRY, PAUL EDWIN
BASHAM, JAMES STEVEN
BENITO, RICHARD DAVID
BOLLING, KATHERINE DEVORE
BRAZEMAN, CRAIG PHILIP
BRIDGES, KAYLA DENISE
BRILEY, DONNIE C.
BRYANT, SHEMIKA ROCHELLE
BUNCH, KIM
BYER, EDMOND JOHN
CARITHERS, GREGORY ALLEN
CHILDRESS, CLIFTON
CLEMMONS, JOYCE YVONNE
CLINE, TRAVIS DANIEL
COCHRANE, BABETTE DAWN
COLLIER, WILLIAM MICHAEL
COOK, CHRIS LAMAR
CUNNINGHAM, SALLY K.
DALMAN, JONATHAN BRADFORD
DAMBACH-CIRKO, PATRICIA JOYCE
DANIELS, SONIA LYNN
DAVENPORT, ALTERICK SHEREFF
DAVIDSON, DANNY DOUGLAS
DAVIDSON, MITCHELL THOMAS
DAY, DUANE DAVIDSON
DERRICHO JR., DAVID EMANUEL
DEVAUGHN, CARL LINTON
DOLBIER, JEFFERY ALAN
DREEMAN, DOUGLAS E.
EARTHRISE, ROCHELLE DENISE
ECHOLS, ERIC DWIGHT
ECHOLS, PATRICIA IZETTA

ELLIOTT, MAURICE
FARKAS, BELA
FAULKENER, DANA VANESSE
FAZZIO, DEDREA L.
FERRERO, AMY LYNN
FISHER, DAWN WALLS
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE LARRY
FORD, RONNIE
FOX, JUHANI ALLEN
FREESE, JESSICA RENEE
FULLER, THOMAS WAYNE
GALVIN, ELIZABETH MARY
GAYLE, EARL WINSTON
GELVIN, TAMMY ANITA
GEORGE, RANDAL LEE
GIBBS III., THOMAS DAVID
GILES, HERBERT FREDERICK
GREEN, ANJENAI G.
GREENWAY, KIMBERLY BEHELER
GRIMSHAW, SHANE KELLEE
HANDLEY, WILEY D.
HARRIS, PARKS WAYNE
HASSAN, MUHSIN SHAHID
HASSAN, MUHSIN SHAHID
HEIMERICH JR., RICHARD PAUL
HIGHSMITH, AMOS MATTHEW
HIGHTOWER, ANTHONIO EDWARD
HILL, HOLLIS JEROME
HINDSMAN, CHERROD TER-RAY
HINES, JAMES WILLIAM
HORTON, CHRISTOPHER TODD
HUDSON, HAKIMAH
HUDSON, KYLE
HUGULEY, CK ADONNI
HUMPHREY, JOVIERA Y.
IRVINE, XAVIER ANTOINE
JAMES, FRANK HUGH
JENKINS, STEPHANIE DENISE
JOHNSON, EARL C.

KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KING, AMOS
KIRKLAND, SHIRLEY PATRICIA
KOTLAR, MICHAEL JOHN
LAUSMAN, MARSHA CAROLINE
LETTS, WILLIAM EARL
LEWIS, KEVIN J.
LOUIS, CLYDE A.
LUTWACK, WILLIAM CIRO
MAGGARD, ANDREW M.
MALLAS, NICHOLAS ANDREW
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MCMILLON, ERICKA DANIELLE
MITCHELL, KEVIN JOSEPH
MORGAN, TODD VERNELL
MORRISON, ZURI MCEADY
MOTT, CYNTHIA
MUHAMMAD, AZIZAH
MURPHY JR., GREGORY BERNARD
MURRAH, JUANQUALO DEMON
NICHOLS, JEAN GRINWIS
NICHOLS, LATHAN OTTO
NOLEN, MILTON LEE
O'LEARY, CHRISTINE LOUISE
PANNELL, NICOLE D.
PANNELL, NICOLE D.
PARKER, ADAM DEAN
PARKER, ATARI L.
PERLSON, MARC DAMON
RANSOME, MAURICE
RAUSER, JAYNE E.
RECKERSDREES, THOMAS NMN
REDDICK, DEREK LAMAR
RICHARDSON, LEROY ANTHONY
RIVERS, MICHAEL THOMAS
ROBINSON, JEROY
RUDDOCK, MARGARET A.
RUTLEDGE, RONALD WILLIAM
SADLER JR., JOHN THURSTON

SANDERS, SHAKILLA TERIA
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON-FORD, VIRGINIA L.
SEKLECKI, CHRISTIAN GANTT
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN WILLIAMS
SINGLETON, WESLEY GENE
SMITH JR., BRUCE RICHARD
SMITH, DELACIE
SMITH, RONALD L.
SMITH, VIRGINIAELIZABETH CHARLES
SNELLINGS, SHARON ELAINE
SPEARS, JOYE L.
STANTON, CHRISTOPHER SCOTT
STEWART, RONNIE NORRIS
STINYARD, KELVIN
STONE, ALESIA ANDREA
STONE, RODNEY DAVID
SWINDLE, FRANK LEE
SWINGER, INA LYNN
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TROY, DOUGLAS ADAM
TURNER, TRAVIS DAVON
VELASQUEZ, JULIUS O.
WALKER WHISBY, KATARA Y.
WASHINGTON, SABRINA ANEATHA
WATT, ROOSEVELT
WEBBER, MELINA MARY
WEEKS, FRANCES MARIAN
WEST, ERIC NOEL
WILLIAMS, JACK LELAND R.
WILLIAMS, LAVERN
WINKELMAN, NAN LANGFORD
WOLFE, LISE LYNN
WRIGHT, CHRISTOPHER K.
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2021, without the necessity of an order for appointment in each individual case.

SO ORDERED, this ____ day of January, 2021.

Chief Judge Susan Edlein, Fulton County State Court

## AFFIDAVIT OF SERVICE

| Case: 21EV002534 | Court: Fulton County State Court State of Georgia | County: Fulton | Job: 5609433 |
|---|---|---|---|
| Plaintiff / Petitioner: Lynden Hepburn, And Rhonda Hepburn | | Defendant / Respondent: Horizon Midwest Inc, Horizon Freight System Inc, Quincy Bernard Harvill, And Old Republic Insurance Company | |
| Received by: Chilton Gibbs and Associates, LLC | | For: Witherite Law Group, LLC | |
| To be served upon: Horizon Midwest Inc/ c/o National Resident Agent Service, Inc, registered agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   David Lee Cates, National Resident Agent Service, Inc: 2300 Henderson Mill Rd Suite 330, Atlanta, GA 30345-0002

**Manner of Service:**   Registered Agent, Apr 27, 2021, 1:36 pm EDT

**Documents:**   Summons, Complaint for Damages, Plaintiffs' First Interrogatories, First Request For Production Of Documents, And First Request For Admissions To Defendant Horizon Midwest Inc, (Received Apr 26, 2021 at 3:46pm EDT)

**Additional Comments:**
1) Successful Attempt: Apr 27, 2021, 1:36 pm EDT at National Resident Agent Service, Inc: 2300 Henderson Mill Rd Suite 330, Atlanta, GA 30345-0002 received by David Lee Cates. Age: 60-65; Ethnicity: Caucasian; Gender: Male; Weight: 185; Height: 5'10"; Hair: Gray;

Thomas David Gibbs III            Date   4/28/21

Chilton Gibbs and Associates, LLC
723 Main Street
Stone Mountain, GA 30083
404-368-3049

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date   4/28/21

Commission Expires   12/27/2024

*(Notary seal: AMMY MERRI... NOTARY PUBLIC DEKALB COUNTY, GEORGIA)*



IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 21 EX 000002

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

IT IS HEREBY ORDERED that the following persons:

ABRAHAM, ROBYN L.
ALLEN, LAKEITA TYESHA
ANDERSON, WILLIAM JAMES
ANDREWS II., GENE EDWARD
AQUIRRE, ANTUAN SAUL
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY JR., STEVEN MICHAEL
BARRON, SHANE WILLIS
BARRY, PAUL EDWIN
BASHAM, JAMES STEVEN
BENITO, RICHARD DAVID
BOLLING, KATHERINE DEVORE
BRAZEMAN, CRAIG PHILIP
BRIDGES, KAYLA DENISE
BRILEY, DONNIE C.
BRYANT, SHEMIKA ROCHELLE
BUNCH, KIM
BYER, EDMOND JOHN
CARITHERS, GREGORY ALLEN
CHILDRESS, CLIFTON
CLEMMONS, JOYCE YVONNE
CLINE, TRAVIS DANIEL
COCHRANE, BABETTE DAWN
COLLIER, WILLIAM MICHAEL
COOK, CHRIS LAMAR
CUNNINGHAM, SALLY K.
DALMAN, JONATHAN BRADFORD
DAMBACH-CIRKO, PATRICIA JOYCE
DANIELS, SONIA LYNN
DAVENPORT, ALTERICK SHEREFF
DAVIDSON, DANNY DOUGLAS
DAVIDSON, MITCHELL THOMAS
DAY, DUANE DAVIDSON
DERRICHO JR., DAVID EMANUEL
DEVAUGHN, CARL LINTON
DOLBIER, JEFFERY ALAN
DREEMAN, DOUGLAS E.
EARTHRISE, ROCHELLE DENISE
ECHOLS, ERIC DWIGHT
ECHOLS, PATRICIA IZETTA

ELLIOTT, MAURICE
FARKAS, BELA
FAULKENER, DANA VANESSE
FAZZIO, DEDREA L.
FERRERO, AMY LYNN
FISHER, DAWN WALLS
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE LARRY
FORD, RONNIE
FOX, JUHANI ALLEN
FREESE, JESSICA RENEE
FULLER, THOMAS WAYNE
GALVIN, ELIZABETH MARY
GAYLE, EARL WINSTON
GELVIN, TAMMY ANITA
GEORGE, RANDAL LEE
GIBBS III., THOMAS DAVID
GILES, HERBERT FREDERICK
GREEN, ANJENAI G.
GREENWAY, KIMBERLY BEHELER
GRIMSHAW, SHANE KELLEE
HANDLEY, WILEY D.
HARRIS, PARKS WAYNE
HASSAN, MUHSIN SHAHID
HASSAN, MUHSIN SHAHID
HEIMERICH JR., RICHARD PAUL
HIGHSMITH, AMOS MATTHEW
HIGHTOWER, ANTHONIO EDWARD
HILL, HOLLIS JEROME
HINDSMAN, CHERROD TER-RAY
HINES, JAMES WILLIAM
HORTON, CHRISTOPHER TODD
HUDSON, HAKIMAH
HUDSON, KYLE
HUGULEY, CK ADONNI
HUMPHREY, JOVIERA Y.
IRVINE, XAVIER ANTOINE
JAMES, FRANK HUGH
JENKINS, STEPHANIE DENISE
JOHNSON, EARL C.

KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KING, AMOS
KIRKLAND, SHIRLEY PATRICIA
KOTLAR, MICHAEL JOHN
LAUSMAN, MARSHA CAROLINE
LETTS, WILLIAM EARL
LEWIS, KEVIN J.
LOUIS, CLYDE A.
LUTWACK, WILLIAM CIRO
MAGGARD, ANDREW M.
MALLAS, NICHOLAS ANDREW
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MCMILLON, ERICKA DANIELLE
MITCHELL, KEVIN JOSEPH
MORGAN, TODD VERNELL
MORRISON, ZURI MCEADY
MOTT, CYNTHIA
MUHAMMAD, AZIZAH
MURPHY JR., GREGORY BERNARD
MURRAH, JUANQUALO DEMON
NICHOLS, JEAN GRINWIS
NICHOLS, LATHAN OTTO
NOLEN, MILTON LEE
O'LEARY, CHRISTINE LOUISE
PANNELL, NICOLE D.
PANNELL, NICOLE D.
PARKER, ADAM DEAN
PARKER, ATARI L.
PERLSON, MARC DAMON
RANSOME, MAURICE
RAUSER, JAYNE E.
RECKERSDREES, THOMAS NMN
REDDICK, DEREK LAMAR
RICHARDSON, LEROY ANTHONY
RIVERS, MICHAEL THOMAS
ROBINSON, JEROY
RUDDOCK, MARGARET A.
RUTLEDGE, RONALD WILLIAM
SADLER JR., JOHN THURSTON

SANDERS, SHAKILLA TERIA
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON-FORD, VIRGINIA L.
SEKLECKI, CHRISTIAN GANTT
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN WILLIAMS
SINGLETON, WESLEY GENE
SMITH JR., BRUCE RICHARD
SMITH, OELACIE
SMITH, RONALD L.
SMITH, VIRGINIAELIZABETH CHARLES
SNELLINGS, SHARON ELAINE
SPEARS, JOYE L.
STANTON, CHRISTOPHER SCOTT
STEWART, RONNIE NORRIS
STINYARD, KELVIN
STONE, ALESIA ANDREA
STONE, RODNEY DAVID
SWINDLE, FRANK LEE
SWINGER, INA LYNN
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TROY, DOUGLAS ADAM
TURNER, TRAVIS DAVON
VELASQUEZ, JULIUS O.
WALKER WHISBY, KATARA Y.
WASHINGTON, SABRINA ANEATHA
WATT, ROOSEVELT
WEBBER, MELINA MARY
WEEKS, FRANCES MARIAN
WEST, ERIC NOEL
WILLIAMS, JACK LELAND R.
WILLIAMS, LAVERN
WINKELMAN, NAN LANGFORD
WOLFE, LISE LYNN
WRIGHT, CHRISTOPHER K.
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2021, without the necessity of an order for appointment in each individual case.

SO ORDERED, this ____ day of January, 2021.

_Susan E Edlein_

Chief Judge Susan Edlein, Fulton County State Court

## AFFIDAVIT OF SERVICE

| Case: 21EV002534 | Court: Fulton County State Court State of Georgia | County: Fulton | Job: 5609433 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Lynden Hepburn, And Rhonda Hepburn | | **Defendant / Respondent:** Horizon Midwest Inc, Horizon Freight System Inc, Quincy Bernard Harvill, And Old Republic Insurance Company | |
| **Received by:** Chilton Gibbs and Associates, LLC | | **For:** Witherite Law Group, LLC | |
| **To be served upon:** Old Republic Insurance Company c/o The Prentice-Hall Corporation System, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Alisha Smith, The Prentice-Hall Corporation System: 2 Sun Ct suite 400, Peachtree Corners, GA 30092-2801

**Manner of Service:**   Registered Agent, Apr 27, 2021, 12:59 pm EDT

**Documents:**   Summons, Complaint for Damages, (Received Apr 26, 2021 at 3:46pm EDT)

**Additional Comments:**
1) Successful Attempt: Apr 27, 2021, 12:59 pm EDT at The Prentice-Hall Corporation System: 2 Sun Ct suite 400, Peachtree Corners, GA 30092-2801 received by Alisha Smith.
CSC Coordinator

Subscribed and sworn to before me by the affiant who is personally known to me.

Thomas David Gibbs III    Date   4/28/21

Notary Public   4/28/21

Commission Expires   12/27/2024

Chilton Gibbs and Associates, LLC
723 Main Street
Stone Mountain, GA 30083
404-368-3049



IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: _21 EX 00000 2_

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

FILED IN OFFICE

JAN 0 1 2021

DEPUTY CLERK STATE COURT
FULTON COUNTY, GA

IT IS HEREBY ORDERED that the following persons:

ABRAHAM, ROBYN L.
ALLEN, LAKEITA TYESHA
ANDERSON, WILLIAM JAMES
ANDREWS II., GENE EDWARD
AQUIRRE, ANTUAN SAUL
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY JR., STEVEN MICHAEL
BARRON, SHANE WILLIS
BARRY, PAUL EDWIN
BASHAM, JAMES STEVEN
BENITO, RICHARD DAVID
BOLLING, KATHERINE DEVORE
BRAZEMAN, CRAIG PHILIP
BRIDGES, KAYLA DENISE
BRILEY, DONNIE C.
BRYANT, SHEMIKA ROCHELLE
BUNCH, KIM
BYER, EDMOND JOHN
CARITHERS, GREGORY ALLEN
CHILDRESS, CLIFTON
CLEMMONS, JOYCE YVONNE
CLINE, TRAVIS DANIEL
COCHRANE, BABETTE DAWN
COLLIER, WILLIAM MICHAEL
COOK, CHRIS LAMAR
CUNNINGHAM, SALLY K.
DALMAN, JONATHAN BRADFORD
DAMBACH-CIRKO, PATRICIA JOYCE
DANIELS, SONIA LYNN
DAVENPORT, ALTERICK SHEREFF
DAVIDSON, DANNY DOUGLAS
DAVIDSON, MITCHELL THOMAS
DAY, DUANE DAVIDSON
DERRICHO JR., DAVID EMANUEL
DEVAUGHN, CARL LINTON
DOLBIER, JEFFERY ALAN
DREEMAN, DOUGLAS E.
EARTHRISE, ROCHELLE DENISE
ECHOLS, ERIC DWIGHT
ECHOLS, PATRICIA IZETTA

ELLIOTT, MAURICE
FARKAS, BELA
FAULKENER, DANA VANESSE
FAZZIO, DEDREA L.
FERRERO, AMY LYNN
FISHER, DAWN WALLS
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE LARRY
FORD, RONNIE
FOX, JUHARI ALLEN
FREESE, JESSICA RENEE
FULLER, THOMAS WAYNE
GALVIN, ELIZABETH MARY
GAYLE, EARL WINSTON
GELVIN, TAMMY ANITA
GEORGE, RANDAL LEE
GIBBS III., THOMAS DAVID
GILES, HERBERT FREDERICK
GREEN, ANJENAI G.
GREENWAY, KIMBERLY BEHELER
GRIMSHAW, SHANE KELLEE
HANDLEY, WILEY D.
HARRIS, PARKS WAYNE
HASSAN, MUHSIN SHAHID
HASSAN, MUHSIN SHAHID
HEIMERICH JR., RICHARD PAUL
HIGHSMITH, AMOS MATTHEW
HIGHTOWER, ANTHONIO EDWARD
HILL, HOLLIS JEROME
HINDSMAN, CHERROD TER-RAY
HINES, JAMES WILLIAM
HORTON, CHRISTOPHER TODD
HUDSON, HAKIMAH
HUDSON, KYLE
HUGULEY, CK ADONNI
HUMPHREY, JOVIERA Y.
IRVINE, XAVIER ANTOINE
JAMES, FRANK HUGH
JENKINS, STEPHANIE DENISE
JOHNSON, EARL C.

KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KING, AMOS
KIRKLAND, SHIRLEY PATRICIA
KOTLAR, MICHAEL JOHN
LAUSMAN, MARSHA CAROLINE
LETTS, WILLIAM EARL
LEWIS, KEVIN J.
LOUIS, CLYDE A.
LUTWACK, WILLIAM CIRO
MAGGARD, ANDREW M.
MALLAS, NICHOLAS ANDREW
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MCMILLON, ERICKA DANIELLE
MITCHELL, KEVIN JOSEPH
MORGAN, TODD VERNELL
MORRISON, ZURI MCEADY
MOTT, CYNTHIA
MUHAMMAD, AZIZAH
MURPHY JR., GREGORY BERNARD
MURRAH, JUANQUALO DEMON
NICHOLS, JEAN GRINWIS
NICHOLS, LATHAN OTTO
NOLEN, MILTON LEE
O'LEARY, CHRISTINE LOUISE
PANNELL, NICOLE D.
PANNELL, NICOLE D.
PARKER, ADAM DEAN
PARKER, ATARI L.
PERLSON, MARC DAMON
RANSOME, MAURICE
RAUSER, JAYNE E.
RECKERSDREES, THOMAS NMN
REDDICK, DEREK LAMAR
RICHARDSON, LEROY ANTHONY
RIVERS, MICHAEL THOMAS
ROBINSON, JEROY
RUDDOCK, MARGARET A.
RUTLEDGE, RONALD WILLIAM
SADLER JR., JOHN THURSTON

SANDERS, SHAKILLA TERIA
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON-FORD, VIRGINIA L.
SEKLECKI, CHRISTIAN GANTT
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN WILLIAMS
SINGLETON, WESLEY GENE
SMITH JR., BRUCE RICHARD
SMITH, DELACIE
SMITH, RONALD L.
SMITH, VIRGINIAELIZABETH CHARLES
SNELLINGS, SHARON ELAINE
SPEARS, JOYE L.
STANTON, CHRISTOPHER SCOTT
STEWART, RONNIE NORRIS
STINYARD, KELVIN
STONE, ALESIA ANDREA
STONE, RODNEY DAVID
SWINDLE, FRANK LEE
SWINGER, INA LYNN
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TROY, DOUGLAS ADAM
TURNER, TRAVIS DAVON
VELASQUEZ, JULIUS O.
WALKER WHISBY, KATARA Y.
WASHINGTON, SABRINA ANEATHA
WATT, ROOSEVELT
WEBBER, MELINA MARY
WEEKS, FRANCES MARIAN
WEST, ERIC NOEL
WILLIAMS, JACK LELAND R.
WILLIAMS, LAVERN
WINKELMAN, NAN LANGFORD
WOLFE, LISE LYNN
WRIGHT, CHRISTOPHER K.
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2021, without the necessity of an order for appointment in each individual case.

SO ORDERED, this ___1___ day of January, 2021.

_Susan E Eden_

Chief Judge Susan Ediein, Fulton County State Court

State Court of Fulton County
**E-FILED**
21EV002534
4/26/2021 1:18 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

LYNDEN HEPBURN, and
RHONDA HEPBURN,

      Plaintiffs,

v.

HORIZON MIDWEST INC,
HORIZON FREIGHT SYSTEM INC,
QUINCY BERNARD HARVILL, and
OLD REPUBLIC INSURANCE COMPANY,

      Defendants.

CIVIL ACTION

FILE NO. _____

---

### PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT HORIZON MIDWEST INC

COME NOW, LYNDEN HEPBURN and RHONDA HEPBURN ("Plaintiffs"), by and through their counsel of record and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, hereby propound the following Interrogatories, Request for Production of Documents, and Request for Admissions to Defendant Trucking Company Horizon Midwest Inc ("Horizon Midwest") for response under oath pursuant to Rule 33, Rule 34, and Rule 36 of the Georgia Civil Practice Act and as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books,

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT HORIZON MIDWEST INC – Page 1**

orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts,

maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules,

circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data

sheets, work sheets, statistical compilations, data processing cards, microfilms, computer

records (including printouts, disks or other magnetic storage media), tapes, photographs

(positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and

voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of

such writing, etc. when such copy contains any commentary or notation whatsoever that does

not appear on the original and any attachments or exhibits to the requested document or any

other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship,

association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a)     "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**"

of any "**person**" means to provide the name, home address, telephone number, business name,

business address, and business telephone number of such person, and a description of each

such person's connection with the events in question.

(b)     "**Identify**" with respect to any "**document**" or any reference to stating the

"**identification**" of any "**document**" means to provide the title and date of each such document,

the name and address of the party or parties responsible for the preparation of each such

document, the name and address of the party who requested or required the preparation of the

document or on whose behalf it was prepared, the name and address of the recipient or

recipients of each such document, and the names and addresses of any and all persons who

have custody or control of each such document, or copies thereof.

4. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is

"showing some resemblance; related in appearance or nature; alike but not identical."  As used

here, the word "similar" shall not be limited as if modified by the word "substantially" and shall

not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5.    The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

6.    Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7.    With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

8.    "**Subject Collision**" means the collision described in the Complaint.

9.    "**You**", "**Your**", or "**Horizon Midwest**" means Defendant HORIZON MIDWEST INC.

10.  "**Harvill**" means Defendant Driver QUINCY BERNARD HARVILL.

## **INTERROGATORIES**

1.

If you contend that Plaintiffs have sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

2.

Identify each person Horizon Midwest expects to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case,

the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

### INSURANCE

3.

For each liability insurance policy that you had in place at the time of the Subject Collision, state the name of insurer; the policy number; the limits of coverage; the name(s) of all insureds; and whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case. Please note that this interrogatory is requesting information relating to ALL insurance coverage including excess coverage.

### VEHICLE INFO/DATA

4.

Please provide the weight of the tractor-trailer at the time of the Subject Collision.

5.

a. Identify all systems and devices in or on the tractor-trailer that have the capability of monitoring, capturing, recording and/or transmitting any video, data and/or communications of any kind (this includes, without limitation, any engine control module (ECM), event data recorder (EDR/CDR), airbag control module (ACM), Sensing Diagnostic Module (SDM), drive train or transmission control unit, brake control module, power steering unit, electronic onboard recorder (EOBR) Electronic Logging Device (ELD), Collision Avoidance System (CAS), Telematics system, Critical Event Reporting System, Lane Departure System, Dash Cam (or other video devices), GPS system, truck or trailer tracking system, system that allows communication between drivers and dispatchers, etc.);

b. With respect to each system identified, explain what video, data and/or communications the system is capable of monitoring, capturing, recording and/or transmitting;

c.  With respect to each system identified, explain what video, data and/or communications have been downloaded and/or preserved in connection with the Subject Collision and if so when and by whom; and

d.  With respect to each system identified, explain what video, data and/or communications have NOT been downloaded and/or preserved in connection with the Subject Collision and explain why not and whether it is still possible to obtain this material.

## DRIVER INFORMATION

6.

Explain the relationship between Horizon Midwest and Defendant Driver Quincy Bernard Harvill ("Harvill") at the time of the Subject Collision including his employment status (e.g., leased driver, company driver, etc.), how he was compensated for driving (e.g., by the hour, by the load, by the mile, salary, or other) and when the relationship began and ended.

7.

If you maintain that Harvill was not acting within the course and scope of his employment or agency at the time of the Subject Collision, explain the basis for your contention and identify documents and witnesses that support your contention.

8.

Identify and explain all communications of any kind between Harvill and anyone acting for or on behalf of Horizon Midwest during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

## REGULATIONS AND POLICIES

9.

Identify all Horizon Midwest policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect for Harvill at the time of the Subject Collision.

10.

Identify all Horizon Midwest policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions and training applicable to Harvill regarding driving, defensive driving, turning, intersections, driver distraction and use of cell phones.

### INVESTIGATION OF SUBJECT COLLISION

11.

Describe in detail when and how you first became aware that Harvill was involved in the Subject Collision including in your answer the identity of all persons involved in the investigation of the Subject Collision, their role and position and what information was conveyed.

12.

State whether you maintain that either Plaintiffs or any non-party has any responsibility of any kind for causing the injuries and/or damages alleged in the Complaint and provide a detailed description of the basis for your position, including the identity of all person(s) who have any knowledge regarding this issue and/or all documents evidencing your position.

13.

Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the forty-eight (48) hours after the Subject Collision and explain their role, why they were at the scene and what actions they took.

14.

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses whom Horizon Midwest believes may have relevant testimony of any kind in connection with this case.

15.

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Collision and/or any person or vehicle involved in the Subject Collision.

16.

Did Horizon Midwest make any effort to perform any accident review, any avoidable/non-avoidable accident determination, any root cause analysis, any DOT reportability determination, or any type of investigation or analysis to discover the cause(s) or contributing cause(s) of the Subject Collision and/or to evaluate whether your driver should be disciplined for any action or inactions related to the Subject Collision? If so, please identify all person(s) involved, all documents and information reviewed, and all determinations.

<u>MISCELLANEOUS</u>

17.

Identify each person who was involved in responding to each of the Requests for Admissions served upon you in this civil action.

18.

For each of Plaintiffs' First Request for Admissions to Defendant Horizon Midwest Inc that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

**DOCUMENT REQUESTS**

**GENERAL**

**REQUEST NO. 1:**     A copy of each document utilized by you in any way in responding to

Plaintiffs' First Interrogatories to Defendant Horizon Midwest Inc.

**REQUEST NO. 2:**     A copy of each document retention policy in effect for Horizon Midwest at

any time between the time of the Subject Incident and present.

**REQUEST NO. 3:**     A copy of each insurance policy (and declarations page for each policy)

that provides or may provide coverage for damages sustained in the Subject Incident.

**REQUEST NO. 4:**     Copies of all reservation of rights letters and/or agreements regarding

insurance coverage for the Subject Incident.

**DRIVER**

**REQUEST NO. 5:**     All documents setting forth the relationship between Harvill and Horizon

Midwest. This includes, but is not limited to, all leases, employment contracts, and independent

contractor agreements and other contracts, agreements, memorandum, and the like.

**REQUEST NO. 6:**     The contents of Harvill's driver qualification file, driver investigation file,

driver history file, and all documents that demonstrate compliance with federal and state driver

qualification laws and regulations. The requested documents include, but are not limited to, all

documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any

responsive documents have been removed from the driver qualification file, these should be

produced nonetheless.

**REQUEST NO. 7:**     All documents of any kind that relate to any pre-employment background

investigation of Harvill, including without limitation any investigation of Harvill's qualifications,

character, driving history, training, criminal history, drug use, financial responsibility, medical

conditions, health conditions, and/or any other matter relevant to employment with Horizon

Midwest. This specifically includes all data and information obtained through FMCSA's Pre-

Employment Screening Program.

**REQUEST NO. 8:**   All documents that relate in any way to your recruiting of Harvill.

**REQUEST NO. 9:**   All documents that relate in any way to you hiring Harvill.

**REQUEST NO. 10:**   All documents that relate in any way to any orientation provided by Horizon Midwest to Harvill.

**REQUEST NO. 11:**   All documents that relate in any way to training of Harvill. This includes, but is not limited to, all documents that show all training received by Harvill, when, where, and who provided the training, and all materials used for training.

**REQUEST NO. 12:**   All quizzes, tests, and/or other assessments (questions and answers) ever given by or on behalf of Horizon Midwest to Harvill at any time. An answer key should also be provided.

**REQUEST NO. 13:**   Copies of all documents (a) explaining how Harvill was compensated for the one (1) month leading up to and including the date of the Subject Incident and extending one (1) week after the date of the Subject Incident; and (b) showing any detention of wages over the same time-period.

**REQUEST NO. 14:**   A copy of the front and back of every driver's license issued to Harvill (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 15:**   All documents placing you on notice of any violation by Harvill of any law, ordinance, or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings, and inspection reports.

**REQUEST NO. 16:**   All documents relating to any and all blood, urine, hair, or other type of drug or alcohol testing of Harvill in your possession, custody, and/or control.

**REQUEST NO. 17:**   A copy of all documents relating to any violation of any safety rule or principle by Harvill at any time.

**REQUEST NO. 18:**   All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Horizon Midwest directed to

Harvill for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing Harvill in any way relating to the safe operation of a commercial vehicle. This includes, but is not limited to, all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 19:**   A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Harvill has been involved.

**REQUEST NO. 20:**   Copies of all documents relating to any complaint, criticism, or concern raised by any person or entity regarding the driving performance and/or safety of Harvill. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 21:**   For each communication device (e.g., cell phones, PDAs, smartphones, texting, and e-mailing devices, etc.) that was in the tractor that Harvill was operating at the time of the Subject Incident, produce all documents reflecting usage and billing for the time-period beginning forty-eight (48) hours before the Subject Incident and ending forty-eight (48) hours after the Subject Incident. This includes all devices, whether owned by Harvill or not, and whether it was in use at the time of the Subject Incident or not.

**REQUEST NO. 22:**   Copies of all documents prepared by Harvill that describes the Subject Incident or the circumstances leading up to the Subject Incident.

**REQUEST NO. 23:**   All documents evidencing any evaluation of the driving abilities, safety, and/or performance of Harvill that have not been produced in response to the preceding requests.

**REQUEST NO. 24:**   A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing Harvill in any way, that has not been produced in response to other requests above.

## HOURS OF SERVICE-RELATED DOCUMENTS

**REQUEST NO. 25:**    A copy of all Harvill's hours of service logs and any other driving logs and/or time sheets for the period beginning one hundred eighty (180) days before the Subject Incident and ending seven (7) days following the Subject Incident.

**REQUEST NO. 26:**    In addition to the documents responsive to the preceding request, produce all documents in your possession, custody, or control that demonstrate what Harvill was doing for the time-period beginning fourteen (14) days before the Subject Incident and ending two (2) days following the Subject Incident. The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

a.    All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

b.    All documents that could be used to check the accuracy of Hours of Service-logs and/or time sheets;

c.    All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d.    All documents evidencing any and all stops; and

e.    All driver call in reports and any other documentation of any communications between you and Harvill.

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT HORIZON MIDWEST INC – Page 11**

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.  THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 27:**   A copy of all audits and summaries of Harvill's hours of service covering the period beginning one (1) year prior to the Subject Incident and ending fourteen (14) days following the Subject Incident.

### VEHICLE INFORMATION

**REQUEST NO. 28:**   For the tractor involved in the Subject Incident, produce the following documents:

  a.     Title;

  b.     Registration;

  c.     Operators manual;

  d.     Maintenance Schedules;

  e.     All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Incident;

  f.     All documents evidencing any inspections of the tractor during the six (6) months before the Subject Incident;

  g.     All documents evidencing any repairs and/or modifications to the tractor at any time within six (6) months before the Subject Incident;

  h.     All documents evidencing any repairs made to the tractor as a result of the Subject collision (including insurance submissions);

  i.     All leases involving the vehicle;

  j.     Documents evidencing the purchase of the vehicle;

     k.     Documents evidencing the sale of the vehicle if it has been sold;

     l.     Documents evidencing mileage and weight at time of the Subject Incident; and

     m.     Copies of each and every logbook, ledger, file, or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 29:**    For the trailer involved in the Subject Incident, produce the following documents:

     a.     Title;

     b.     Registration;

     c.     Operators manual;

     d.     Maintenance and service manuals;

     e.     All documents evidencing maintenance performed on the trailer at any time within six (6) months before the Subject Incident;

     f.     All documents evidencing any inspections of the trailer during the six (6) months before the Subject Incident;

     g.     All documents evidencing any repairs and/or modifications to the trailer at any time within six (6) months before the Subject Incident;

     h.     All documents evidencing any repairs made to the trailer as a result of the Subject collision (including insurance submissions);

     i.     All leases involving the vehicle;

     j.     Documents evidencing the purchase of the vehicle;

     k.     Documents evidencing the sale of the vehicle if it has been sold;

     l.     Documents evidencing mileage and weight at time of the Subject Incident; and

     m.     Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 30:**    If any data is available (whether or not downloaded or retrieved) from the tractor or any part or system from the tractor (e.g., engine control module (ECM), event data

recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 31:**    If any data is available (whether or not downloaded or retrieved) from the trailer or any part or system from the trailer (e.g., event data recorder, ABS, or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 32:**    If the tractor at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 33:**    Produce copies of all e-mails between Harvill and Horizon Midwest for the time-period beginning ninety (90) days prior to the Subject Incident and present.

**REQUEST NO. 34:**    Produce copies of all communications and transmissions between Harvill and Horizon Midwest that were transmitted through any system on-board of the tractor or trailer involved in the Subject Incident for the period beginning thirty (30) days before the Subject Incident and ending seven (7) days after the Subject Incident. This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, and other transportation service and product providers.

**REQUEST NO. 35:**    If the tractor was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT HORIZON MIDWEST INC – Page 14**

**REQUEST NO. 36:**     To the degree that it has not been produced in response to other requests above, produce all data of any kind that was recovered from the tractor, the trailer and/or, anything inside or connected to any part or system of the tractor and/or trailer that were involved in the Subject Incident.

**REQUEST NO. 37:**     A copy of each out of service report or violation concerning the tractor and/or the trailer involved in the Subject Incident from the period beginning one (1) year prior to the Subject Incident through present. This request includes any supplements, responses, amendments, and dispositions regarding any violation.

**REQUEST NO. 38:**     Produce all documents evidencing damage to any vehicle or other property as a result of the Subject Incident, including, but not limited to, repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Incident.

**REQUEST NO. 39:**     Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**REQUEST NO. 40:**     For the tractor and trailer involved in the Subject Incident, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six (6) months before the Subject Incident and ending one (1) week after the Subject Incident.

**REQUEST NO. 41:**     Produce all pre-trip inspection reports for the trip in question and three (3) months prior to the date of the Subject Incident for the tractor and trailer.

## LOAD

**REQUEST NO. 42:**     All documents that relate to the load being hauled by Harvill at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

**SUBJECT INCIDENT**

**REQUEST NO. 43:**   A copy of every document related to any investigation done by or on behalf of Horizon Midwest of the scene of the Subject Incident.

**REQUEST NO. 44:**   All documents authored by anyone working for or on behalf of Horizon Midwest that set forth any facts relating to the Subject Incident.

**REQUEST NO. 45:**   All documents that explain what caused the Subject Incident.

**REQUEST NO. 46:**   All documents assessing preventability of and/or fault for the Subject Incident.

**REQUEST NO. 47:**   If the scene of the Subject Incident was mapped (with a total station or other survey equipment) within fourteen (14) days of the Subject Incident, please produce a copy of the survey data files and all diagrams produced therefrom.

**REQUEST NO. 48:**   Copies of all photographs, video, computer simulations, and any other documents depicting:

      a.      Any vehicle involved in the Subject Incident;

      b.      Any person involved in the Subject Incident;

      c.      The scene of the Subject Incident; and/or

      d.      Any evidence (roadway markings or other) relevant to the Subject Incident.

**REQUEST NO. 49:**   Copies of all reports (you know what this means and it is not vague) relating to the Subject Incident including those prepared by Harvill and those prepared by anyone working for or on behalf of Horizon Midwest (except lawyers).

**REQUEST NO. 50:**   A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Incident.

**REQUEST NO. 51:**   All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation, and/or damages in this case.

**REQUEST NO. 52:**   If an Accident Review Board or similar entity reviewed the Subject Incident, produce the following:

a.   A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;

b.   A copy of all reports and documents (as defined) of any kind generated by said board or entity;

c.   Documents evidencing who was on the board;

d.   Documents evidencing all criteria for review; and

e.   Determination of preventability and all other conclusions reached by said board or entity.

### GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 53:**   Copies of all documents sent to or received from any governmental agency regarding the Subject Incident, the driver involved in the Subject Incident, or any subject that is part of the basis of this lawsuit.

**REQUEST NO. 54:**   Copy of all documents and communications of any kind related to any CSA Intervention against your company in the past two (2) years.

### POLICY AND PROCEDURES

**REQUEST NO. 55:**   Copies of all Horizon Midwest policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect at the time of the Subject Incident, relating to:

a.   Working for or with trucking company generally (e.g., employee manual or handbook);

b.   Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

c.   Operation of a commercial vehicle;

d.   Driving safety;

e.      Defensive driving;

f.      Compliance with federal and state laws and regulations;

g.      Accident investigation;

h.      Accident review boards;

i.      Determination of preventability of accidents;

j.      Hiring, training and supervising drivers; and

k.      Disciplinary actions.

**REQUEST NO. 56:**    Copies of each document that Harvill signed to prove that Harvill received and/or agreed to be bound by any policies, procedures, rules, guidelines, and/or standards of Horizon Midwest.

**REQUEST NO. 57:**    To the degree that Horizon Midwest has any rules, policies, procedures, guidelines, driving manuals, employee handbooks, or manuals, or other similar documents that were not provided to Harvill before the Subject Incident, please produce them now.

**REQUEST NO. 58:**    A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, and driver diagnostic record or test maintained by your company, or used by Horizon Midwest, its personnel, agents, or employees during the year of the Subject Incident and three (3) years prior.

**REQUEST NO. 59:**    Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

T<small>RUCKING</small> C<small>OMPANY</small>

**REQUEST NO. 60:**    Copy of documents showing the hierarchy of managerial positions at Horizon Midwest and who occupied such positions as of the time of the Subject Incident and presently.

**REQUEST NO. 61:**    A copy of each document (including articles and presentations) prepared and/or presented by any Horizon Midwest representative relating to the safe operation of a

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT HORIZON MIDWEST INC – Page 18**

commercial motor vehicle and/or the safe operation of a trucking company in the past five (5) years.

**REQUEST NO. 62:**   All company newsletters distributed during the time-period beginning two (2) years before the Subject Incident and present.

**REQUEST NO. 63:**   A copy of all lease and trip lease contracts applicable to Harvill and/or any vehicle involved in the Subject Incident.

**REQUEST NO. 64:**   Copies of any contract under which your company was operating the truck in question at the time of the Subject Incident.

**REQUEST NO. 65:**   A copy of Horizon Midwest's accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 66:**   Transcripts or recordings of all depositions of corporate designees for Horizon Midwest given in the past five (5) years in cases where it was alleged that a driver working for Horizon Midwest caused injury or death to another person.

**REQUEST NO. 67:**   Copies of all documents putting any third party on notice of a claim arising from the Subject Incident

**REQUEST NO. 68:**   All correspondence and other communication of any kind between you and any other Defendant to this Action.

<u>**MISCELLANEOUS**</u>

**REQUEST NO. 69:**   With respect to each expert witness who may provide testimony at the trial of this case, provide:

a.     A copy of all documents (as that term is defined above) and items of any kind produced **<u>to</u>** said expert;

b.     A copy of all documents (as that term is defined above) and items of any kind generated or produced **<u>by</u>** said expert;

c.     A copy of the entire file of said expert;

d.     A current résumé or curriculum vitae for said expert; and

e.      All billing records and work logs for said expert.

**REQUEST NO. 70:**    A copy of any and all documents and other materials which support any

contention that the Subject Incident was the fault of anyone other than the Defendants.

**REQUEST NO. 71:**    Copies of all diagrams, graphs, illustrations, photographs, charts,

pictures, models, blow-ups, or any other document or thing, including electronically created

charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid

in the trial of this case not previously supplied.

**REQUEST NO. 72:**    Produce each document or thing that you contend is evidence, proof, or

support of your claims on any issue of negligence or causation as to the Subject Incident,

including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official

or unofficial reports.

**REQUEST NO. 73:**    Produce each document or thing that you contend evidences or supports

your denial of any of Plaintiffs' Requests for Admissions.

**REQUEST NO. 74:**    If any surveillance has been undertaken by or on behalf of Horizon

Midwest, produce a copy of all reports, photographs, video, and anything else generated

through that investigation.

<u>**REQUESTS FOR ADMISSION**</u>

**REQUEST NO. 1**      At the time of the Subject Collision, Horizon Midwest was the owner of a tractor-trailer involved in the Subject Collision.

**REQUEST NO. 2**      The DOT number for the tractor-trailer that was involved in the Subject Collision was 2317693.

**REQUEST NO. 3**      The MC-ICC number for the tractor-trailer that was involved in the Subject Collision was MC-791331.

**REQUEST NO. 4**      The VIN for the tractor-trailer that was involved in the Subject Collision was 5HTSN422695T37669.

**REQUEST NO. 5**      At the time of the Subject Collision, Harvill was an agent of Horizon Midwest.

**REQUEST NO. 6**      At the time of the Subject Collision, Harvill was an employee of Horizon Midwest.

**REQUEST NO. 7**      At the time of the Subject Collision, Harvill was acting within the course and scope of his employment with Horizon Midwest.

**REQUEST NO. 8**      At the time of the Subject Collision, Harvill was acting within the course and scope of his agency with Horizon Midwest.

**REQUEST NO. 9**      At the time of the Subject Collision, Harvill was operating the tractor-trailer owned by Horizon Midwest.

**REQUEST NO. 10**      At the time of the Subject Collision, Harvill was operating the tractor-trailer with the permission of Horizon Midwest.

**REQUEST NO. 11**      At the time of the Subject Collision, Harvill was operating the tractor-trailer with the knowledge of Horizon Midwest.

**REQUEST NO. 12**      At the time of the Subject Collision, Harvill was operating the tractor-trailer as trained by Horizon Midwest.

**REQUEST NO. 13**      Horizon Midwest is properly named in the Complaint.

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT HORIZON MIDWEST INC – Page 21**

**REQUEST NO. 14**     Venue is proper in this Court.

**REQUEST NO. 15**     Jurisdiction is proper in this Court.

**REQUEST NO. 16**     Service of process upon Horizon Midwest in this civil action was proper.

**REQUEST NO. 17**     Service of process upon Horizon Midwest in this civil action was legally sufficient.

**REQUEST NO. 18**     You are not asserting the defense of insufficiency of service of process.

**REQUEST NO. 19**     You are not asserting the defense of improper service of process.

**REQUEST NO. 20**     Harvill was the driver of Horizon Midwest's tractor-trailer that collided with Plaintiffs' vehicle.

**REQUEST NO. 21**     Harvill was following too closely behind Plaintiffs' vehicle.

**REQUEST NO. 22**     Harvill failed to maintain proper control of his truck at the time of the Subject Collision.

**REQUEST NO. 23**     At the time of the Subject Collision, Harvill failed to keep and maintain a proper look out for traffic.

**REQUEST NO. 24**     Harvill was not paying attention to traffic like he should have been.

**REQUEST NO. 25**     Harvill gave a recorded statement to one (1) or more insurance companies that provided liability coverage for the truck that Harvill was driving at the time of the subject collision.

**REQUEST NO. 26**     Harvill had a mobile cellular device present inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 27**     Harvill had more than one (1) mobile cellular device was present inside his truck at the time of the Subject Collision.

**REQUEST NO. 28**     Harvill was using at least one (1) mobile cellular device in his truck at the time of the Subject Collision.

**REQUEST NO. 29**     Harvill was using more than one (1) mobile cellular device inside his truck at the time of the Subject Collision.

**REQUEST NO. 30**     Harvill was using a mobile cellular device at the moment of impact with Plaintiffs' vehicle.

**REQUEST NO. 31**     While at the scene of the collision, Harvill conversed with at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 32**     While at the scene of the collision, Harvill texted at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 33**     While at the scene of the collision, Harvill had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 34**     While at the scene of the collision, Harvill took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 35**     While at the scene of the collision, Harvill took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 36**     While at the scene of the collision, Harvill took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 37**     No improper act of the Plaintiffs caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 38**     No failure to act by Plaintiffs caused or contributed to the cause of Subject Collision.

**REQUEST NO. 39**     No improper act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 40**    Harvill's neglect acts and/or omissions were the sole cause of the Subject Collision.

**REQUEST NO. 41**    Harvill's neglect acts and/or omissions were a contributing cause of the Subject Collision.

**REQUEST NO. 42**    No visual obstructions existed leading up to the Subject Collision that would have prevented Harvill from seeing Plaintiffs' vehicle in the one hundred (100) feet prior to the Subject Collision.

**REQUEST NO. 43**    No visual obstructions existed leading up to the Subject Collision that would have prevented Harvill from seeing Plaintiffs' vehicle in the two hundred fifty (250) feet prior to the Subject Collision.

**REQUEST NO. 44**    No visual obstructions existed leading up to the Subject Collision that would have prevented Harvill from seeing Plaintiffs' vehicle in the five hundred (500) feet prior to the Subject Collision.

**REQUEST NO. 45**    No visual obstructions existed leading up to the Subject Collision that would have prevented Harvill from seeing Plaintiffs' vehicle in the seven hundred fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 46**    No visual obstructions existed leading up to the Subject Collision that would have prevented Harvill from seeing Plaintiffs' vehicle in the one thousand (1000) feet prior to the Subject Collision.

**REQUEST NO. 47**    The person answering these questions has authority from Horizon Midwest to do so.

Dated this 26th day of April, 2021.

WITHERITE LAW GROUP, LLC

*/s/ J. Martin Futrell*
J. MARTIN FUTRELL

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT HORIZON MIDWEST INC – Page 24**

GEORGIA STATE BAR NUMBER 450872

ATTORNEY FOR PLAINTIFFS

600 WEST PEACHTREE STREET, NW, SUITE 740
ATLANTA, GA 30308
TELEPHONE:   470-881-8806
FACSIMILE:   470-881-8819
E-MAIL:   MARTIN.FUTRELL@WITHERITELAW.COM

State Court of Fulton County
**E-FILED**
21EV002534
4/26/2021 1:18 PM
Christopher G. Scott, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of __Fulton_____ County

| For Clerk Use Only |
|---|
| Date Filed _____      Case Number _____ |
| **MM-DD-YYYY** |

**Plaintiff(s)**

Hepburn, Lynden

Last            First            Middle I.      Suffix      Prefix

Hepburn, Rhonda

Last            First            Middle I.      Suffix      Prefix

_____

Last            First            Middle I.      Suffix      Prefix

**Defendant(s)**

Horizon Midwest Inc

Last        First            Middle I.      Suffix      Prefix

Horizon Freight System Inc

Last        First            Middle I.      Suffix      Prefix

Harvill, Quincy Bernard

Last        First            Middle I.      Suffix      Prefix

Old Republic Insurance Company

Last        First            Middle I.      Suffix      Prefix

**Plaintiff's Attorney** J. Martin Futrell      **Bar Number** 450872      **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                    **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                    **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

State Court of Fulton County
**E-FILED**
21EV002534
4/26/2021 1:18 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

LYNDEN HEPBURN, and
RHONDA HEPBURN,

      Plaintiffs,

v.

HORIZON MIDWEST INC,
HORIZON FREIGHT SYSTEM INC,
QUINCY BERNARD HARVILL, and
OLD REPUBLIC INSURANCE COMPANY,

      Defendants.

CIVIL ACTION

FILE NO. _____

---

### PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT HORIZON FREIGHT SYSTEM INC

COME NOW, LYNDEN HEPBURN and RHONDA HEPBURN ("Plaintiffs"), by and through their counsel of record and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, hereby propound the following Interrogatories, Request for Production of Documents, and Request for Admissions to Defendant Trucking Company Horizon Freight System Inc ("Horizon Freight") for response under oath pursuant to Rule 33, Rule 34, and Rule 36 of the Georgia Civil Practice Act and as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books,

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT HORIZON FREIGHT SYSTEM INC –
Page 1**

orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.   "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.   (a)   "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)   "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.   "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT HORIZON FREIGHT SYSTEM INC – Page 2**

not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5.      The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

6.      Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7.      With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

8.      "**Subject Collision**" means the collision described in the Complaint.

9.      "**You**", "**Your**", or "**Horizon Freight**" means Defendant HORIZON FREIGHT SYSTEM INC.

10.    "**Harvill**" means Defendant Driver QUINCY BERNARD HARVILL.

## **INTERROGATORIES**

### 1.

If you contend that Plaintiffs have sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

### 2.

Identify each person Horizon Freight expects to call as an expert witness at trial

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT HORIZON FREIGHT SYSTEM INC – Page 3**

including in your response a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

### INSURANCE

3.

For each liability insurance policy that you had in place at the time of the Subject Collision, state the name of insurer; the policy number; the limits of coverage; the name(s) of all insureds; and whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case. Please note that this interrogatory is requesting information relating to ALL insurance coverage including excess coverage.

### VEHICLE INFO/DATA

4.

Please provide the weight of the tractor-trailer at the time of the Subject Collision.

5.

a.  Identify all systems and devices in or on the tractor-trailer that have the capability of monitoring, capturing, recording and/or transmitting any video, data and/or communications of any kind (this includes, without limitation, any engine control module (ECM), event data recorder (EDR/CDR), airbag control module (ACM), Sensing Diagnostic Module (SDM), drive train or transmission control unit, brake control module, power steering unit, electronic onboard recorder (EOBR) Electronic Logging Device (ELD), Collision Avoidance System (CAS), Telematics system, Critical Event Reporting System, Lane Departure System, Dash Cam (or other video devices), GPS system, truck or trailer tracking system, system that allows communication between drivers and dispatchers, etc.);

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT HORIZON FREIGHT SYSTEM INC – Page 4**

b.  With respect to each system identified, explain what video, data and/or communications the system is capable of monitoring, capturing, recording and/or transmitting;

c.  With respect to each system identified, explain what video, data and/or communications have been downloaded and/or preserved in connection with the Subject Collision and if so when and by whom; and

d.  With respect to each system identified, explain what video, data and/or communications have NOT been downloaded and/or preserved in connection with the Subject Collision and explain why not and whether it is still possible to obtain this material.

## DRIVER INFORMATION

### 6.

Explain the relationship between Horizon Freight and Defendant Driver Quincy Bernard Harvill ("Harvill") at the time of the Subject Collision including his employment status (e.g., leased driver, company driver, etc.), how he was compensated for driving (e.g., by the hour, by the load, by the mile, salary, or other) and when the relationship began and ended.

### 7.

If you maintain that Harvill was not acting within the course and scope of his employment or agency at the time of the Subject Collision, explain the basis for your contention and identify documents and witnesses that support your contention.

### 8.

Identify and explain all communications of any kind between Harvill and anyone acting for or on behalf of Horizon Freight during the twenty-four (24) hours before and after the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

## REGULATIONS AND POLICIES

### 9.

Identify all Horizon Freight policies, procedures, rules, guidelines, directives, manuals,

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT HORIZON FREIGHT SYSTEM INC – Page 5**

handbooks and instructions that were in effect for Harvill at the time of the Subject Collision.

10.

Identify all Horizon Freight policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions and training applicable to Harvill regarding driving, defensive driving, turning, intersections, driver distraction and use of cell phones.

**INVESTIGATION OF SUBJECT COLLISION**

11.

Describe in detail when and how you first became aware that Harvill was involved in the Subject Collision including in your answer the identity of all persons involved in the investigation of the Subject Collision, their role and position and what information was conveyed.

12.

State whether you maintain that either Plaintiffs or any non-party has any responsibility of any kind for causing the injuries and/or damages alleged in the Complaint and provide a detailed description of the basis for your position, including the identity of all person(s) who have any knowledge regarding this issue and/or all documents evidencing your position.

13.

Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the forty-eight (48) hours after the Subject Collision and explain their role, why they were at the scene and what actions they took.

14.

Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action. The purpose of this

Interrogatory is to identify all witnesses whom Horizon Freight believes may have relevant testimony of any kind in connection with this case.

15.

Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Collision and/or any person or vehicle involved in the Subject Collision.

16.

Did Horizon Freight make any effort to perform any accident review, any avoidable/non-avoidable accident determination, any root cause analysis, any DOT reportability determination, or any type of investigation or analysis to discover the cause(s) or contributing cause(s) of the Subject Collision and/or to evaluate whether your driver should be disciplined for any action or inactions related to the Subject Collision? If so, please identify all person(s) involved, all documents and information reviewed, and all determinations.

**MISCELLANEOUS**

17.

Identify each person who was involved in responding to each of the Requests for Admissions served upon you in this civil action.

18.

For each of Plaintiffs' First Request for Admissions to Defendant Horizon Freight System Inc that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**     A copy of each document utilized by you in any way in responding to Plaintiffs' First Interrogatories to Defendant Horizon Freight System Inc.

**REQUEST NO. 2:**     A copy of each document retention policy in effect for Horizon Freight at any time between the time of the Subject Incident and present.

**REQUEST NO. 3:**     A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Incident.

**REQUEST NO. 4:**     Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Incident.

### DRIVER

**REQUEST NO. 5:**     All documents setting forth the relationship between Harvill and Horizon Freight. This includes, but is not limited to, all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum, and the like.

**REQUEST NO. 6:**     The contents of Harvill's driver qualification file, driver investigation file, driver history file, and all documents that demonstrate compliance with federal and state driver qualification laws and regulations. The requested documents include, but are not limited to, all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 7:**     All documents of any kind that relate to any pre-employment background investigation of Harvill, including without limitation any investigation of Harvill's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with Horizon Freight. This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT HORIZON FREIGHT SYSTEM INC – Page 8**

**REQUEST NO. 8:**     All documents that relate in any way to your recruiting of Harvill.

**REQUEST NO. 9:**     All documents that relate in any way to you hiring Harvill.

**REQUEST NO. 10:**     All documents that relate in any way to any orientation provided by Horizon Freight to Harvill.

**REQUEST NO. 11:**     All documents that relate in any way to training of Harvill. This includes, but is not limited to, all documents that show all training received by Harvill, when, where, and who provided the training, and all materials used for training.

**REQUEST NO. 12:**     All quizzes, tests, and/or other assessments (questions and answers) ever given by or on behalf of Horizon Freight to Harvill at any time. An answer key should also be provided.

**REQUEST NO. 13:**     Copies of all documents (a) explaining how Harvill was compensated for the one (1) month leading up to and including the date of the Subject Incident and extending one (1) week after the date of the Subject Incident; and (b) showing any detention of wages over the same time-period.

**REQUEST NO. 14:**     A copy of the front and back of every driver's license issued to Harvill (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 15:**     All documents placing you on notice of any violation by Harvill of any law, ordinance, or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings, and inspection reports.

**REQUEST NO. 16:**     All documents relating to any and all blood, urine, hair, or other type of drug or alcohol testing of Harvill in your possession, custody, and/or control.

**REQUEST NO. 17:**     A copy of all documents relating to any violation of any safety rule or principle by Harvill at any time.

**REQUEST NO. 18:**     All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Horizon Freight directed to

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT HORIZON FREIGHT SYSTEM INC – Page 9**

Harvill for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing Harvill in any way relating to the safe operation of a commercial vehicle. This includes, but is not limited to, all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 19:**   A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Harvill has been involved.

**REQUEST NO. 20:**   Copies of all documents relating to any complaint, criticism, or concern raised by any person or entity regarding the driving performance and/or safety of Harvill. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 21:**   For each communication device (e.g., cell phones, PDAs, smartphones, texting, and e-mailing devices, etc.) that was in the tractor that Harvill was operating at the time of the Subject Incident, produce all documents reflecting usage and billing for the time-period beginning forty-eight (48) hours before the Subject Incident and ending forty-eight (48) hours after the Subject Incident. This includes all devices, whether owned by Harvill or not, and whether it was in use at the time of the Subject Incident or not.

**REQUEST NO. 22:**   Copies of all documents prepared by Harvill that describes the Subject Incident or the circumstances leading up to the Subject Incident.

**REQUEST NO. 23:**   All documents evidencing any evaluation of the driving abilities, safety, and/or performance of Harvill that have not been produced in response to the preceding requests.

**REQUEST NO. 24:**   A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing Harvill in any way, that has not been produced in response to other requests above.

<u>HOURS OF SERVICE-RELATED DOCUMENTS</u>

**REQUEST NO. 25:** A copy of all Harvill's hours of service logs and any other driving logs and/or time sheets for the period beginning one hundred eighty (180) days before the Subject Incident and ending seven (7) days following the Subject Incident.

**REQUEST NO. 26:** In addition to the documents responsive to the preceding request, produce all documents in your possession, custody, or control that demonstrate what Harvill was doing for the time-period beginning fourteen (14) days before the Subject Incident and ending two (2) days following the Subject Incident. The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

    a.    All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

    b.    All documents that could be used to check the accuracy of Hours of Service-logs and/or time sheets;

    c.    All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

    d.    All documents evidencing any and all stops; and

    e.    All driver call in reports and any other documentation of any communications between you and Harvill.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.  THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 27:**    A copy of all audits and summaries of Harvill's hours of service covering the period beginning one (1) year prior to the Subject Incident and ending fourteen (14) days following the Subject Incident.

<u>**VEHICLE INFORMATION**</u>

**REQUEST NO. 28:**    For the tractor involved in the Subject Incident, produce the following documents:

a.       Title;

b.       Registration;

c.       Operators manual;

d.       Maintenance Schedules;

e.       All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Incident;

f.       All documents evidencing any inspections of the tractor during the six (6) months before the Subject Incident;

g.       All documents evidencing any repairs and/or modifications to the tractor at any time within six (6) months before the Subject Incident;

h.       All documents evidencing any repairs made to the tractor as a result of the Subject collision (including insurance submissions);

i.       All leases involving the vehicle;

j.       Documents evidencing the purchase of the vehicle;

      k.      Documents evidencing the sale of the vehicle if it has been sold;

      l.      Documents evidencing mileage and weight at time of the Subject Incident; and

      m.      Copies of each and every logbook, ledger, file, or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 29:**    For the trailer involved in the Subject Incident, produce the following documents:

      a.      Title;

      b.      Registration;

      c.      Operators manual;

      d.      Maintenance and service manuals;

      e.      All documents evidencing maintenance performed on the trailer at any time within six (6) months before the Subject Incident;

      f.      All documents evidencing any inspections of the trailer during the six (6) months before the Subject Incident;

      g.      All documents evidencing any repairs and/or modifications to the trailer at any time within six (6) months before the Subject Incident;

      h.      All documents evidencing any repairs made to the trailer as a result of the Subject collision (including insurance submissions);

      i.      All leases involving the vehicle;

      j.      Documents evidencing the purchase of the vehicle;

      k.      Documents evidencing the sale of the vehicle if it has been sold;

      l.      Documents evidencing mileage and weight at time of the Subject Incident; and

      m.      Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 30:**    If any data is available (whether or not downloaded or retrieved) from the tractor or any part or system from the tractor (e.g., engine control module (ECM), event data

recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 31:**   If any data is available (whether or not downloaded or retrieved) from the trailer or any part or system from the trailer (e.g., event data recorder, ABS, or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 32:**   If the tractor at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 33:**   Produce copies of all e-mails between Harvill and Horizon Freight for the time-period beginning ninety (90) days prior to the Subject Incident and present.

**REQUEST NO. 34:**   Produce copies of all communications and transmissions between Harvill and Horizon Freight that were transmitted through any system on-board of the tractor or trailer involved in the Subject Incident for the period beginning thirty (30) days before the Subject Incident and ending seven (7) days after the Subject Incident. This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, and other transportation service and product providers.

**REQUEST NO. 35:**   If the tractor was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT HORIZON FREIGHT SYSTEM INC – Page 14**

**REQUEST NO. 36:**    To the degree that it has not been produced in response to other requests above, produce all data of any kind that was recovered from the tractor, the trailer and/or, anything inside or connected to any part or system of the tractor and/or trailer that were involved in the Subject Incident.

**REQUEST NO. 37:**    A copy of each out of service report or violation concerning the <u>tractor</u> and/or the <u>trailer</u> involved in the Subject Incident from the period beginning one (1) year prior to the Subject Incident through present. This request includes any supplements, responses, amendments, and dispositions regarding any violation.

**REQUEST NO. 38:**    Produce all documents evidencing damage to any vehicle or other property as a result of the Subject Incident, including, but not limited to, repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Incident.

**REQUEST NO. 39:**    Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**REQUEST NO. 40:**    For the tractor and trailer involved in the Subject Incident, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six (6) months before the Subject Incident and ending one (1) week after the Subject Incident.

**REQUEST NO. 41:**    Produce all pre-trip inspection reports for the trip in question and three (3) months prior to the date of the Subject Incident for the <u>tractor</u> and <u>trailer</u>.

<u>**LOAD**</u>

**REQUEST NO. 42:**    All documents that relate to the load being hauled by Harvill at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT HORIZON FREIGHT SYSTEM INC – Page 15**

## SUBJECT INCIDENT

**REQUEST NO. 43:**   A copy of every document related to any investigation done by or on behalf of Horizon Freight of the scene of the Subject Incident.

**REQUEST NO. 44:**   All documents authored by anyone working for or on behalf of Horizon Freight that set forth any facts relating to the Subject Incident.

**REQUEST NO. 45:**   All documents that explain what caused the Subject Incident.

**REQUEST NO. 46:**   All documents assessing preventability of and/or fault for the Subject Incident.

**REQUEST NO. 47:**   If the scene of the Subject Incident was mapped (with a total station or other survey equipment) within fourteen (14) days of the Subject Incident, please produce a copy of the survey data files and all diagrams produced therefrom.

**REQUEST NO. 48:**   Copies of all photographs, video, computer simulations, and any other documents depicting:

      a.      Any vehicle involved in the Subject Incident;

      b.      Any person involved in the Subject Incident;

      c.      The scene of the Subject Incident; and/or

      d.      Any evidence (roadway markings or other) relevant to the Subject Incident.

**REQUEST NO. 49:**   Copies of all reports (you know what this means and it is not vague) relating to the Subject Incident including those prepared by Harvill and those prepared by anyone working for or on behalf of Horizon Freight (except lawyers).

**REQUEST NO. 50:**   A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Incident.

**REQUEST NO. 51:**   All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation, and/or damages in this case.

**REQUEST NO. 52:**   If an Accident Review Board or similar entity reviewed the Subject Incident, produce the following:

     a.     A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;

     b.     A copy of all reports and documents (as defined) of any kind generated by said board or entity;

     c.     Documents evidencing who was on the board;

     d.     Documents evidencing all criteria for review; and

     e.     Determination of preventability and all other conclusions reached by said board or entity.

## GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 53:**   Copies of all documents sent to or received from any governmental agency regarding the Subject Incident, the driver involved in the Subject Incident, or any subject that is part of the basis of this lawsuit.

**REQUEST NO. 54:**   Copy of all documents and communications of any kind related to any CSA Intervention against your company in the past two (2) years.

## POLICY AND PROCEDURES

**REQUEST NO. 55:**   Copies of all Horizon Freight policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect at the time of the Subject Incident, relating to:

     a.     Working for or with trucking company generally (e.g., employee manual or handbook);

     b.     Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

     c.     Operation of a commercial vehicle;

     d.     Driving safety;

e.      Defensive driving;

f.      Compliance with federal and state laws and regulations;

g.      Accident investigation;

h.      Accident review boards;

i.      Determination of preventability of accidents;

j.      Hiring, training and supervising drivers; and

k.      Disciplinary actions.

**REQUEST NO. 56:**    Copies of each document that Harvill signed to prove that Harvill received and/or agreed to be bound by any policies, procedures, rules, guidelines, and/or standards of Horizon Freight.

**REQUEST NO. 57:**    To the degree that Horizon Freight has any rules, policies, procedures, guidelines, driving manuals, employee handbooks, or manuals, or other similar documents that were not provided to Harvill before the Subject Incident, please produce them now.

**REQUEST NO. 58:**    A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, and driver diagnostic record or test maintained by your company, or used by Horizon Freight, its personnel, agents, or employees during the year of the Subject Incident and three (3) years prior.

**REQUEST NO. 59:**    Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

<u>T</u>RUCKING <u>C</u>OMPANY

**REQUEST NO. 60:**    Copy of documents showing the hierarchy of managerial positions at Horizon Freight and who occupied such positions as of the time of the Subject Incident and presently.

**REQUEST NO. 61:**    A copy of each document (including articles and presentations) prepared and/or presented by any Horizon Freight representative relating to the safe operation of a

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT HORIZON FREIGHT SYSTEM INC – Page 18**

commercial motor vehicle and/or the safe operation of a trucking company in the past five (5) years.

**REQUEST NO. 62:**   All company newsletters distributed during the time-period beginning two (2) years before the Subject Incident and present.

**REQUEST NO. 63:**   A copy of all lease and trip lease contracts applicable to Harvill and/or any vehicle involved in the Subject Incident.

**REQUEST NO. 64:**   Copies of any contract under which your company was operating the truck in question at the time of the Subject Incident.

**REQUEST NO. 65:**   A copy of Horizon Freight's accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 66:**   Transcripts or recordings of all depositions of corporate designees for Horizon Freight given in the past five (5) years in cases where it was alleged that a driver working for Horizon Freight caused injury or death to another person.

**REQUEST NO. 67:**   Copies of all documents putting any third party on notice of a claim arising from the Subject Incident

**REQUEST NO. 68:**   All correspondence and other communication of any kind between you and any other Defendant to this Action.

<u>**MISCELLANEOUS**</u>

**REQUEST NO. 69:**   With respect to each expert witness who may provide testimony at the trial of this case, provide:

      a.     A copy of all documents (as that term is defined above) and items of any kind produced **<u>to</u>** said expert;

      b.     A copy of all documents (as that term is defined above) and items of any kind generated or produced **<u>by</u>** said expert;

      c.     A copy of the entire file of said expert;

      d.     A current résumé or curriculum vitae for said expert; and

e.    All billing records and work logs for said expert.

**REQUEST NO. 70:**    A copy of any and all documents and other materials which support any

contention that the Subject Incident was the fault of anyone other than the Defendants.

**REQUEST NO. 71:**    Copies of all diagrams, graphs, illustrations, photographs, charts,

pictures, models, blow-ups, or any other document or thing, including electronically created

charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid

in the trial of this case not previously supplied.

**REQUEST NO. 72:**    Produce each document or thing that you contend is evidence, proof, or

support of your claims on any issue of negligence or causation as to the Subject Incident,

including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official

or unofficial reports.

**REQUEST NO. 73:**    Produce each document or thing that you contend evidences or supports

your denial of any of Plaintiffs' Requests for Admissions.

**REQUEST NO. 74:**    If any surveillance has been undertaken by or on behalf of Horizon

Freight, produce a copy of all reports, photographs, video, and anything else generated through

that investigation.

**REQUESTS FOR ADMISSION**

**REQUEST NO. 1**     At the time of the Subject Collision, Horizon Freight was the owner of a tractor-trailer involved in the Subject Collision.

**REQUEST NO. 2**     The DOT number for the tractor-trailer that was involved in the Subject Collision was 237360.

**REQUEST NO. 3**     The MC-ICC number for the tractor-trailer that was involved in the Subject Collision was MC-169607.

**REQUEST NO. 4**     The VIN for the tractor-trailer that was involved in the Subject Collision was 5HTSN422695T37669.

**REQUEST NO. 5**     At the time of the Subject Collision, Harvill was an agent of Horizon Freight.

**REQUEST NO. 6**     At the time of the Subject Collision, Harvill was an employee of Horizon Freight.

**REQUEST NO. 7**     At the time of the Subject Collision, Harvill was acting within the course and scope of his employment with Horizon Freight.

**REQUEST NO. 8**     At the time of the Subject Collision, Harvill was acting within the course and scope of his agency with Horizon Freight.

**REQUEST NO. 9**     At the time of the Subject Collision, Harvill was operating the tractor-trailer owned by Horizon Freight.

**REQUEST NO. 10**     At the time of the Subject Collision, Harvill was operating the tractor-trailer with the permission of Horizon Freight.

**REQUEST NO. 11**     At the time of the Subject Collision, Harvill was operating the tractor-trailer with the knowledge of Horizon Freight.

**REQUEST NO. 12**     At the time of the Subject Collision, Harvill was operating the tractor-trailer as trained by Horizon Freight.

**REQUEST NO. 13**     Horizon Freight is properly named in the Complaint.

**REQUEST NO. 14**    Venue is proper in this Court.

**REQUEST NO. 15**    Jurisdiction is proper in this Court.

**REQUEST NO. 16**    Service of process upon Horizon Freight in this civil action was proper.

**REQUEST NO. 17**    Service of process upon Horizon Freight in this civil action was legally sufficient.

**REQUEST NO. 18**    You are not asserting the defense of insufficiency of service of process.

**REQUEST NO. 19**    You are not asserting the defense of improper service of process.

**REQUEST NO. 20**    Harvill was the driver of Horizon Freight's tractor-trailer that collided with Plaintiffs' vehicle.

**REQUEST NO. 21**    Harvill was following too closely behind Plaintiffs' vehicle.

**REQUEST NO. 22**    Harvill failed to maintain proper control of his truck at the time of the Subject Collision.

**REQUEST NO. 23**    At the time of the Subject Collision, Harvill failed to keep and maintain a proper look out for traffic.

**REQUEST NO. 24**    Harvill was not paying attention to traffic like he should have been.

**REQUEST NO. 25**    Harvill gave a recorded statement to one (1) or more insurance companies that provided liability coverage for the truck that Harvill was driving at the time of the subject collision.

**REQUEST NO. 26**    Harvill had a mobile cellular device present inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 27**    Harvill had more than one (1) mobile cellular device was present inside his truck at the time of the Subject Collision.

**REQUEST NO. 28**    Harvill was using at least one (1) mobile cellular device in his truck at the time of the Subject Collision.

**REQUEST NO. 29**    Harvill was using more than one (1) mobile cellular device inside his truck at the time of the Subject Collision.

**REQUEST NO. 30**     Harvill was using a mobile cellular device at the moment of impact with Plaintiffs' vehicle.

**REQUEST NO. 31**     While at the scene of the collision, Harvill conversed with at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 32**     While at the scene of the collision, Harvill texted at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 33**     While at the scene of the collision, Harvill had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 34**     While at the scene of the collision, Harvill took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 35**     While at the scene of the collision, Harvill took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 36**     While at the scene of the collision, Harvill took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 37**     No improper act of the Plaintiffs caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 38**     No failure to act by Plaintiffs caused or contributed to the cause of Subject Collision.

**REQUEST NO. 39**     No improper act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 40**     Harvill's neglect acts and/or omissions were the sole cause of the Subject Collision.

**REQUEST NO. 41**     Harvill's neglect acts and/or omissions were a contributing cause of the Subject Collision.

**REQUEST NO. 42**     No visual obstructions existed leading up to the Subject Collision that would have prevented Harvill from seeing Plaintiffs' vehicle in the one hundred (100) feet prior to the Subject Collision.

**REQUEST NO. 43**     No visual obstructions existed leading up to the Subject Collision that would have prevented Harvill from seeing Plaintiffs' vehicle in the two hundred fifty (250) feet prior to the Subject Collision.

**REQUEST NO. 44**     No visual obstructions existed leading up to the Subject Collision that would have prevented Harvill from seeing Plaintiffs' vehicle in the five hundred (500) feet prior to the Subject Collision.

**REQUEST NO. 45**     No visual obstructions existed leading up to the Subject Collision that would have prevented Harvill from seeing Plaintiffs' vehicle in the seven hundred fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 46**     No visual obstructions existed leading up to the Subject Collision that would have prevented Harvill from seeing Plaintiffs' vehicle in the one thousand (1000) feet prior to the Subject Collision.

**REQUEST NO. 47**     The person answering these questions has authority from Horizon Freight to do so.

        Dated this 26th day of April, 2021.


                        WITHERITE LAW GROUP, LLC


                        */s/ J. Martin Futrell*
                        J. MARTIN FUTRELL

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT HORIZON FREIGHT SYSTEM INC – Page 24**

GEORGIA STATE BAR NUMBER 450872

ATTORNEY FOR PLAINTIFFS

600 WEST PEACHTREE STREET, NW, SUITE 740
ATLANTA, GA 30308
TELEPHONE:    470-881-8806
FACSIMILE:    470-881-8819
E-MAIL:    MARTIN.FUTRELL@WITHERITELAW.COM

State Court of Fulton County
**E-FILED**
21EV002534
4/26/2021 1:18 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

LYNDEN HEPBURN, and
RHONDA HEPBURN,

      Plaintiffs,

v.

HORIZON MIDWEST INC,
HORIZON FREIGHT SYSTEM INC,
QUINCY BERNARD HARVILL, and
OLD REPUBLIC INSURANCE COMPANY,

      Defendants.

CIVIL ACTION

FILE NO. _____

---

### PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT QUINCY BERNARD HARVILL

COME NOW, LYNDEN HEPBURN and RHONDA HEPBURN ("Plaintiffs"), by and through their counsel of record and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, hereby propound the following Interrogatories, Request for Production of Documents, and Request for Admissions to Defendant Driver Quincy Bernard Harvill ("Harvill") for response under oath pursuant to Rule 33, Rule 34, and Rule 36 of the Georgia Civil Practice Act and as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.    The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books,

orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      (a)    "**Identify**" with respect to any "**person**" or any reference to stating the "**Identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

        (b)    "**Identify**" with respect to any "**document**" or any reference to stating the "**Identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.      "**Subject Collision**" means the collision described in the Complaint.

5.      "**You**", "**Your**", or "**Harvill**" means Defendant Driver QUINCY BERNARD HARVILL.

6.      "**Horizon Midwest**" means Defendant HORIZON MIDWEST INC.

**PLAINTIFFS' FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT QUINCY BERNARD HARVILL – Page 2**

7.      "**Horizon Freight**" means Defendant HORIZON FREIGHT SYSTEM INC.

8.      "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

9.      The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

10.      Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

11.      With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## INTERROGATORIES

### YOUR BACKGROUND INFORMATION

1.

State your full name, address, date and place of birth, and social security number. If you have ever been known by any name(s) other than the one you identify, please state each such name and for each such name explain when you were known by that name, whether you had a separate social security number and/or driver's license in that name, and explain why you changed names or went by more than one name.

2.

For each driver's license you have had in the past seven (7) years, identify the state of issue, the date of issue, the number and whether or not it was a commercial driver's license.

3.

Identify each address where you have lived in the past ten (10) years and provide the dates when you lived at each address.

4.

For each place you have worked (as an employee, independent contractor, leased driver, or otherwise) in the past fifteen (15) years, provide the following information: name of entity or person, for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

5.

Identify each person you expect to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

6.

Identify all motor vehicle collisions that you have been involved in during the past fifteen

(15) years and for each collision, describe what happened; where the collision occurred; the names of the other individuals involved; who was at fault; and whether there were any injuries.

7.

If you have been arrested, charged, warned and/or cited for any violation of any ordinance, law and/or regulation in the past ten (10) years or if you have ever been convicted at any time of a felony, for each arrest/charge/warning/citation/conviction, identify the charge, jurisdiction, date, and disposition. This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

8.

If you have ever been disqualified from driving a motor vehicle, please describe when and under what circumstances you were disqualified.

9.

Have you had any medical condition in the past five (5) years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, high or low blood pressure, epilepsy, sleep issues, diabetes, nervous system issues, endocrine system issues, motor skill issues, issues with sensory abilities, sleep apnea, etc.)? If so, describe in detail each condition, who has treated you for the condition, and the nature and dates of these treatments.

10.

Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)? If so, explain whether you were a Plaintiff, defendant, or witness and identify the style, jurisdiction, date, and nature of the lawsuit.

11.

Identify all training you have received in connection with operating a commercial motor vehicle, including courses taken to obtain your driver's license and training received since obtaining your driver's license.

### INSURANCE

12.

For each liability insurance policy of any kind that does or may provide any coverage on behalf of any defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case and/or that is providing you a defense, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

### SUBJECT COLLISION

13.

Have you communicated with any person (other than your attorneys) in any way regarding the Subject Collision at any time including but not limited to giving any prepared statement or account of the events? If so, provide the details of any such communications, statements and accounts by explaining when, where, in what form, to whom the statement or account was given and the substance of your communication, statement, or account.

14.

Identify all person(s) who you to your knowledge have or may have any personal knowledge or information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision or; and/or any other incidents, claims, or defenses raised in this action. The purpose of this interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

15.

If you maintain that either PLAINTIFFS or anyone else not a party to this lawsuit has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in Plaintiffs' Complaint, describe in detail the basis for their responsibility and

identify all person(s) who have any knowledge regarding this issue.

16.

If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or not) during the seventy-two (72) hour period <u>immediately before</u> the Subject Collision, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

<u>**MISCELLANEOUS**</u>

17.

Provide your mobile phone carrier(s) and mobile phone number(s) existing at the time of the Subject Collision, and with respect to all of the phone calls you made on your cell phone on the date of the Subject Collision, please state: the time each call was placed; the time each call ended; the person or persons with whom you spoke on each call; the phone number of the person or persons with whom you spoke with on each call; the purpose for each call; and whether you were operating the tractor-trailer involved in the Subject Collision at any time during each call.

18.

With respect to the deliveries/trips that you were scheduled to make on the day of the Subject Collision, please identify: the name and address of the delivery/trip location(s); what was to be delivered; and the time the load was to be delivered or the trip was to be completed.

19.

Explain in detail where you were and what you were doing during the seventy-two (72) hours <u>immediately prior to</u> and the forty-eight (48) hours <u>immediately following</u> the Subject Collision. This response should include the time and location of each pick up, delivery and stop and the reason for each stop (e.g., load, unload, fuel, rest, meal, inspection, repair, other) as well as what you were doing when off duty. Identify all documents that evidence your response and all people who can substantiate your response.

20.

For the seventy-two (72) hours leading up to the Subject Collision, provide the amount of your driving hours, on-duty non-driving hours, locations during your on-duty non-driving hours, all stops you made and the reasons therefor, when and where your meals were eaten, when and where you slept and when you ingested any medications (prescription or over the counter) and the dosages.

21.

For each of Plaintiffs' First Request for Admissions addressed to you that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**      All documents utilized by you in any way in responding to Plaintiffs' First Interrogatories to Defendant Quincy Bernard Harvill.

**REQUEST NO. 2:**      Each liability insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision and/or if coverage was in dispute that was in place at the time of the Subject Collision.

**REQUEST NO. 3:**      A copy of each automobile insurance policy that you had in place at the time of the Subject Collision, which provided liability coverage for the operation of the tractor-trailer that was involved in the Subject Collision.

**REQUEST NO. 4:**       All documents that you have exchanged with any insurance company evidencing the subject collision.

**REQUEST NO. 5:**      All documents that you have exchanged with any insurance company evidencing a lack of coverage for the Subject Collision.

**REQUEST NO. 6:**      All reservation of rights letters and/or agreements regarding insurance coverage for the claims asserted against you arising from the Subject Collision.

**REQUEST NO. 7:**      All documents directly or indirectly provided to and received from any insurance company regarding your driving history, criminal history, claims history, training, and qualification to drive and/or your insurability for motor vehicle operations.

**REQUEST NO. 8:**      All documents and driver training resources provided or made available to you directly or indirectly by any insurance company.

### DEFENDANT HORIZON MIDWEST INC

**REQUEST NO. 9:**       All documents setting forth the relationship between you and Horizon Midwest. This includes, but is not limited to, all leases, employment contracts, and independent contract agreements and other contracts, agreements, memorandum and the like.

**REQUEST NO. 10:**     All payroll records from any source during the sixty (60) days before and

after the Subject Collision.

**REQUEST NO. 11:**   All documents in your possession that relate to your qualification to operate a commercial motor vehicle.

**REQUEST NO. 12:**   All documents that relate in any way to your training to operate a commercial motor vehicle.

**REQUEST NO. 13:**   A copy of the front and back of every driver's license issued to you (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 14:**   Copies of all citations, warnings, and other documents alleging that you violated any law, ordinance, and/or regulation in the last five (5) years.

**REQUEST NO. 15:**   All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Horizon Midwest directed to you for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**REQUEST NO. 16:**   All documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five (5) years.

**REQUEST NO. 17:**   All documents relating to any complaint, criticism, or concern raised by any person or entity regarding your driving performance and/or safety. This should include, but is not limited to, customer complaints and call-ins by motorists either to a company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 18:**   For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the truck that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time period time period beginning twenty-four (24) hours before the Subject Collision and ending twenty-four (24) hours after the Subject Collision. This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 19:**   All of your personnel files and employment-related files in your possession.

**REQUEST NO. 20:**   All correspondence and other communication of any kind between you and any third party (other than your attorneys) evidencing to the Subject Collision.

### DEFENDANT HORIZON FREIGHT SYSTEM INC

**REQUEST NO. 21:**    All documents setting forth the relationship between you and Horizon Freight. This includes, but is not limited to, all leases, employment contracts, and independent contract agreements and other contracts, agreements, memorandum and the like.

**REQUEST NO. 22:**   All payroll records from any source during the sixty (60) days before and after the Subject Collision.

**REQUEST NO. 23:**   All documents in your possession that relate to your qualification to operate a commercial motor vehicle.

**REQUEST NO. 24:**   All documents that relate in any way to your training to operate a commercial motor vehicle.

**REQUEST NO. 25:**   A copy of the front and back of every driver's license issued to you (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 26:**   Copies of all citations, warnings, and other documents alleging that you violated any law, ordinance, and/or regulation in the last five (5) years.

**REQUEST NO. 27:**   All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Horizon Freight directed to you for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**REQUEST NO. 28:**   All documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five (5) years.

**REQUEST NO. 29:**   All documents relating to any complaint, criticism, or concern raised by any person or entity regarding your driving performance and/or safety. This should include, but

is not limited to, customer complaints and call-ins by motorists either to a company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 30:**   For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the truck that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time period time period beginning twenty-four (24) hours before the Subject Collision and ending twenty-four (24) hours after the Subject Collision. This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 31:**   All of your personnel files and employment-related files in your possession.

**REQUEST NO. 32:**   All correspondence and other communication of any kind between you and any third party (other than your attorneys) evidencing to the Subject Collision.

**SUBJECT COLLISION**

**REQUEST NO. 33:**   All documents in your possession, custody, and/or control relating in any way to the Subject Collision.

**REQUEST NO. 34:**   All documents sent by you to any person or entity (other than your attorneys), regarding the Subject Collision and/or describing the Subject Collision.

**REQUEST NO. 35:**   All documents evidencing each investigation done by or on behalf of defendants evidencing to the Subject Collision of the Subject Collision.

**REQUEST NO. 36:**   All documents that set forth any facts leading up to the Subject Collision.

**REQUEST NO. 37:**   All documents that explain what caused the Subject Collision.

**REQUEST NO. 38:**   All documents assessing preventability of and/or fault for the Subject Collision, as well as any documents created by any accident review board or other accident review process.

**REQUEST NO. 39:**   All photographs, video, computer simulations, and any other documents depicting:

a.      Any vehicle involved in the Subject Collision;

b.      Any person involved in the Subject Collision;

c.      The scene of the Subject Collision; and/or

d.      Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 40:**    All reports relating to the Subject Collision in your possession, custody, and/or control.

**REQUEST NO. 41:**    All correspondence and other communications (including e-mail) that you have had with any person other than your lawyers involving the Subject Collision.

**REQUEST NO. 42:**    All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party, or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom, or this lawsuit.

<u>GOVERNMENTAL CONTACT AND INTERVENTION</u>

**REQUEST NO. 43:**    Copies of all documents sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a commercial motor vehicle within the past three (3) years.

<u>POLICIES AND PROCEDURES</u>

**REQUEST NO. 44:**    All handbooks and manuals provided to you by Horizon Midwest that were in effect at the time of the Subject Collision.

**REQUEST NO. 45:**    All handbooks and manuals provided to you by Horizon Freight that were in effect at the time of the Subject Collision.

**REQUEST NO. 46:**    All policies, procedures, rules, guidelines, directives, and instructions ever given to you by Horizon Midwest.

**REQUEST NO. 47:**    All policies, procedures, rules, guidelines, directives, and instructions ever given to you by Horizon Freight.

<u>MISCELLANEOUS</u>

**REQUEST NO. 48:**    All documents and other materials which support any contention that the

Subject Collision was the fault of anyone other than the defendants.

**REQUEST NO. 49:**   All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 50:**   All documents and things that you contend evidence, prove, and/or support your claims on any issue of negligence or causation as to the Subject Collision, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 51:**   If any surveillance has been undertaken by or on behalf of you, produce a copy of all reports, photographs, video, and anything else generated through that investigation.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1**      Harvill is a proper party to this lawsuit.

**REQUEST NO. 2**      Harvill was properly named in this case.

**REQUEST NO. 3**      Harvill was properly and sufficiently served with process in this civil action.

**REQUEST NO. 4**      Venue is proper in this Court as to you.

**REQUEST NO. 5**      Jurisdiction is proper in this Court as to Harvill.

**REQUEST NO. 6**      You are not asserting the defense of insufficiency of service of process.

**REQUEST NO. 7**      You are not asserting the defense of improper service of process.

**REQUEST NO. 8**      Harvill was an employee of Horizon Freight at the time of the Subject Collision.

**REQUEST NO. 9**      Harvill was an agent of Horizon Freight at the time of the Subject Collision.

**REQUEST NO. 10**      Harvill was acting within the scope of his employment with Horizon Freight at the time of the Subject Collision.

**REQUEST NO. 11**      Harvill was acting within the scope of his agency with Horizon Freight at the time of the Subject Collision.

**REQUEST NO. 12**      Harvill was an employee of Horizon Midwest at the time of the Subject Collision.

**REQUEST NO. 13**      Harvill was an agent of Horizon Midwest at the time of the Subject Collision.

**REQUEST NO. 14**      Harvill was acting within the scope of his employment with Horizon Midwest at the time of the Subject Collision.

**REQUEST NO. 15**      Harvill was acting within the scope of his agency with Horizon Midwest at the time of the Subject Collision.

**REQUEST NO. 16**      Admit that you were the driver of the truck that collided with Plaintiffs' vehicle on or about January 23, 2020.

**REQUEST NO. 17**       Admit that you were following too closely behind Plaintiffs' vehicle.

**REQUEST NO. 18**       Harvill failed to maintain proper control of his truck at the time of the Subject Collision.

**REQUEST NO. 19**       At the time of the Subject Collision, Harvill failed to keep and maintain a proper look out for traffic.

**REQUEST NO. 20**       Harvill was not paying attention to traffic like he should have been.

**REQUEST NO. 21**       At the time of the Subject Collision, Harvill did not see Plaintiffs' vehicle in front of him.

**REQUEST NO. 22**       Harvill gave a recorded statement to one (1) or more insurance companies that provided liability coverage for the truck that Harvill was driving at the time of the Subject Collision.

**REQUEST NO. 23**       Harvill had a mobile cellular device present inside his vehicle at the time of the Subject Collision.

**REQUEST NO. 24**       Harvill had more than one (1) mobile cellular device was present inside his truck at the time of the Subject Collision.

**REQUEST NO. 25**       Harvill was using at least one (1) mobile cellular device in his truck at the time of the Subject Collision.

**REQUEST NO. 26**       Harvill was using more than one (1) mobile cellular device inside his truck at the time of the Subject Collision.

**REQUEST NO. 27**       Harvill was using a mobile cellular device at the moment of impact with Plaintiff's vehicle.

**REQUEST NO. 28**       While at the scene of the collision, Harvill conversed with at least one (1) person about what happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 29**     While at the scene of the collision, Harvill texted at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 30**     While at the scene of the collision, Harvill had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 31**     While at the scene of the collision, Harvill took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 32**     While at the scene of the collision, Harvill took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 33**     While at the scene of the collision, Harvill took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 34**     No improper act of the Plaintiffs caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 35**     No failure to act by Plaintiffs caused or contributed to the cause of Subject Collision.

**REQUEST NO. 36**     No improper act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 37**     Harvill's neglect acts and/or omissions were the sole cause of the Subject Collision.

**REQUEST NO. 38**     Harvill's neglect acts and/or omissions were a contributing cause of the Subject Collision.

**REQUEST NO. 39**   No visual obstructions existed leading up to the Subject Collision that would have prevented Harvill from seeing Plaintiffs' vehicle in the five hundred (500) feet prior to the Subject Collision.

**REQUEST NO. 40**   No visual obstructions existed leading up to the Subject Collision that would have prevented Harvill from seeing Plaintiffs' vehicle in the seven hundred fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 41**   No visual obstructions existed leading up to the Subject Collision that would have prevented Harvill from seeing Plaintiffs' vehicle in the one thousand (1000) feet prior to the Subject Collision.

Dated this 26th day of April, 2021.

WITHERITE LAW GROUP, LLC

*/s/ J. Martin Futrell*
J. MARTIN FUTRELL
GEORGIA STATE BAR NUMBER 450872
ATTORNEY FOR PLAINTIFFS

600 WEST PEACHTREE STREET, NW, SUITE 740
ATLANTA, GA 30308
TELEPHONE:   470-881-8806
FACSIMILE:   470-880-5095
E-MAIL:   MARTIN.FUTRELL@WITHERITELAW.COM

State Court of Fulton County
**E-FILED**
21EV002534
4/26/2021 1:18 PM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

Lynden Hepburn and Rhonda Hepburn
c/o Witherite Law Group, LLC
600 West Peachtree Street, NW, Suite 740
Atlanta, GA 30308

Plaintiff's Name, Address, City, State, Zip Code

vs.

Old Republic Insurance Company c/o Registered
Agent The Prentice-Hall Corporation System
40 Technology Parkway South, Suite 300
Norcross, GA, 30092

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [✓] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [✓] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: J. Martin Futrell

Address: 600 West Peachtree Street, NW, Suite 740

City, State, Zip Code: Atlanta, GA 30308      Phone No.: (470) 881-8806

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.      _____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.      _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**21EV002534**
**4/26/2021 1:18 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**                                  DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**              CIVIL ACTION FILE #: _____
Civil Division

Lynden Hepburn and Rhonda Hepburn
c/o Witherite Law Group, LLC
_____
600 West Peachtree Street, NW, Suite 740
_____
Atlanta, GA 30308
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

Quincy Bernard Harvill
_____
2515 Martin Circle
_____
Birmingham, AL 35235
_____
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [✓] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [✓] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: J. Martin Futrell
_____

Address: 600 West Peachtree Street, NW, Suite 740
_____

City, State, Zip Code: Atlanta, GA 30308            Phone No.: (470) 881-8806

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

                                        Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
  Served, this _____ day of _____, 20_____.      _____
                                                                  DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.      _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**21EV002534**
**4/28/2021 3:09 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

**AFFIDAVIT OF SERVICE**

| Case: 21EV002534 | Court: Fulton County State Court State of Georgia | County: Fulton | Job: 5609433 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Lynden Hepburn, And Rhonda Hepburn | | **Defendant / Respondent:** Horizon Midwest Inc, Horizon Freight System Inc, Quincy Bernard Harvill, And Old Republic Insurance Company | |
| **Received by:** Chilton Gibbs and Associates, LLC | | **For:** Witherite Law Group, LLC | |
| **To be served upon:** Horizon Freight System Inc c/o National Resident Agent Service Inc, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   David Lee Cates, National Resident Agent Service, Inc: 2300 Henderson Mill Rd Suite 330, Atlanta, GA 30345-0002

**Manner of Service:**   Registered Agent, Apr 27, 2021, 1:36 pm EDT

**Documents:**   Summons, Complaint for Damages, Plaintiffs' First Interrogatories, First Request For Production Of Documents, And First Request For Admissions To Defendant Horizon Freight System Inc (Received Apr 26, 2021 at 3:46pm EDT)

**Additional Comments:**
1) Successful Attempt: Apr 27, 2021, 1:36 pm EDT at National Resident Agent Service, Inc: 2300 Henderson Mill Rd Suite 330, Atlanta, GA 30345-0002 received by David Lee Cates. Age: 60-65; Ethnicity: Caucasian; Gender: Male; Weight: 185; Height: 5'10"; Hair: Gray;

_Subscribed and sworn to before me by the affiant who is personally known to me._

Thomas David Gibbs III                    Date 4/28/21                    Notary Public

Chilton Gibbs and Associates, LLC                    Date 4/28/21          Commission Expires 12/27/2024
723 Main Street
Stone Mountain, GA 30083
404-368-3049

AMMY MERAZ
NOTARY PUBLIC
DEKALB COUNTY, GEORGIA

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 21 EX 000002

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

FILED IN OFFICE
JAN 0 1 2021
DEPUTY CLERK STATE COURT
FULTON COUNTY, GA

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

IT IS HEREBY ORDERED that the following persons:

ABRAHAM, ROBYN L.
ALLEN, LAKEITA TYESHA
ANDERSON, WILLIAM JAMES
ANDREWS II., GENE EDWARD
ACQUIRRE, ANTUAN SAUL
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY JR., STEVEN MICHAEL
BARRON, SHANE WILLIS
BARRY, PAUL EDWIN
BASHAM, JAMES STEVEN
BENITO, RICHARD DAVID
BOLLING, KATHERINE DEVORE
BRAZEMAN, CRAIG PHILIP
BRIDGES, KAYLA DENISE
BRILEY, DONNIE C.
BRYANT, SHEMIKA RUCHELLE
BUNCH, KIM
BYER, EDMOND JOHN
CARITHERS, GREGORY ALLEN
CHILDRESS, CLIFTON
CLEMMONS, JOYCE YVONNE
CLINE, TRAVIS DANIEL
COCHRANE, BABETTE DAWN
COLLIER, WILLIAM MICHAEL
COOK, CHRIS LAMAR
CUNNINGHAM, SALLY K.
DALMAN, JONATHAN BRADFORD
DAMBACH-CIRKO, PATRICIA JOYCE
DANIELS, SONIA LYNN
DAVENPORT, ALTERICK SHEREFF
DAVIDSON, DANNY DOUGLAS
DAVIDSON, MITCHELL THOMAS
DAY, DUANE DAVIDSON
DERRICHO JR., DAVID EMANUEL
DEVAUGHN, CARL LINTON
DOLBIER, JEFFERY ALAN
DREEMAN, DOUGLAS E.
EARTHRISE, ROCHELLE DENISE
ECHOLS, ERIC DWIGHT
ECHOLS, PATRICIA IZETTA

ELLIOTT, MAURICE
FARKAS, BELA
FAULKENER, DANA VANESSE
FAZZIO, DEDREA L.
FERRERO, AMY LYNN
FISHER, DAWN WALLS
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE LARRY
FORD, RONNIE
FOX, JUHANI ALLEN
FREESE, JESSICA RENEE
FULLER, THOMAS WAYNE
GALVIN, ELIZABETH MARY
GAYLE, EARL WINSTON
GELVIN, TAMMY ANITA
GEORGE, RANDAL LEE
GIBBS III., THOMAS DAVID
GILES, HERBERT FREDERICK
GREEN, ANJENAI G.
GREENWAY, KIMBERLY BEHELER
GRIMSHAW, SHANE KELLEE
HANDLEY, WILEY D.
HARRIS, PARKS WAYNE
HASSAN, MUHSIN SHAHID
HASSAN, MUHSIN SHAHID
HEIMERICH JR., RICHARD PAUL
HIGHSMITH, AMOS MATTHEW
HIGHTOWER, ANTHONIO EDWARD
HILL, HOLLIS JEROME
HINDSMAN, CHERROD TER-RAY
HINES, JAMES WILLIAM
HORTON, CHRISTOPHER TODD
HUDSON, HAKIMAH
HUDSON, KYLE
HUGULEY,CK ADONNI
HUMPHREY, JOVIERA Y.
IRVINE, XAVIER ANTOINE
JAMES, FRANK HUGH
JENKINS, STEPHANIE DENISE
JOHNSON, EARL C.

KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KING, AMOS
KIRKLAND, SHIRLEY PATRICIA
KOTLAR, MICHAEL JOHN
LAUSMAN, MARSHA CAROLINE
LETTS, WILLIAM EARL
LEWIS, KEVIN J.
LOUIS, CLYDE A.
LUTWACK, WILLIAM CIRO
MAGGARD, ANDREW M.
MALLAS, NICHOLAS ANDREW
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MCMILLON, ERICKA DANIELLE
MITCHELL, KEVIN JOSEPH
MORGAN, TODD VERNELL
MORRISON, ZURI MCEADY
MOTT, CYNTHIA
MUHAMMAD, AZIZAH
MURPHY JR., GREGORY BERNARD
MURRAH, JUANQUALO OEMON
NICHOLS, JEAN GRINWIS
NICHOLS, LATHAN OTTO
NOLEN, MILTON LEE
O'LEARY, CHRISTINE LOUISE
PANNELL, NICOLE D.
PANNELL, NICOLE D.
PARKER, ADAM DEAN
PARKER, ATARI L.
PERLSON, MARC DAMON
RANSOME, MAURICE
RAUSER, JAYNE E.
RECKERSDREES, THOMAS NMN
REDDICK, DEREK LAMAR
RICHARDSON, LEROY ANTHONY
RIVERS, MICHAEL THOMAS
ROBINSON, JEROY
RUDDOCK, MARGARET A.
RUTLEDGE, RONALD WILLIAM
SADLER JR., JOHN THURSTON

SANDERS, SHAKILLA TERIA
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON-FORD, VIRGINIA L.
SEKLECKI, CHRISTIAN GANTT
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN WILLIAMS
SINGLETON, WESLEY GENE
SMITH JR., BRUCE RICHARD
SMITH, DELACIE
SMITH, RONALD L.
SMITH, VIRGINIAELIZABETH CHARLES
SNELLINGS, SHARON ELAINE
SPEARS, JOYE L.
STANTON, CHRISTOPHER SCOTT
STEWART, RONNIE NORRIS
STINYARD, KELVIN
STONE, ALESIA ANDREA
STONE, RODNEY DAVID
SWINDLE, FRANK LEE
SWINGER, INA LYNN
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TROY, DOUGLAS ADAM
TURNER, TRAVIS DAVON
VELASQUEZ, JULIUS O.
WALKER WHISBY, KATARA Y.
WASHINGTON, SABRINA ANEATHA
WATT, ROOSEVELT
WEBBER, MELINA MARY
WEEKS, FRANCES MARIAN
WEST, ERIC NOEL
WILLIAMS, JACK LELAND R.
WILLIAMS, LAVERN
WINKELMAN, NAN LANGFORD
WOLFE, LISE LYNN
WRIGHT, CHRISTOPHER K.
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2021, without the necessity of an order for appointment in each individual case.

SO ORDERED, this ___ day of January, 2021.

Chief Judge Susan Edlein, Fulton County State Court

State Court of Fulton County
**E-FILED**
21EV002534
4/28/2021 3:09 PM
Christopher G. Scott, Clerk
Civil Division

**AFFIDAVIT OF SERVICE**

| Case: 21EV002534 | Court: Fulton County State Court State of Georgia | County: Fulton | Job: 5609433 |
|---|---|---|---|
| Plaintiff / Petitioner: Lynden Hepburn, And Rhonda Hepburn | | Defendant / Respondent: Horizon Midwest Inc, Horizon Freight System Inc, Quincy Bernard Harvill, And Old Republic Insurance Company | |
| Received by: Chilton Gibbs and Associates, LLC | | For: Witherite Law Group, LLC | |
| To be served upon: Horizon Midwest Inc/ c/o National Resident Agent Service, Inc, registered agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  David Lee Cates, National Resident Agent Service, Inc: 2300 Henderson Mill Rd Suite 330, Atlanta, GA 30345-0002

**Manner of Service:**  Registered Agent, Apr 27, 2021, 1:36 pm EDT

**Documents:**  Summons, Complaint for Damages, Plaintiffs' First Interrogatories, First Request For Production Of Documents, And First Request For Admissions To Defendant Horizon Midwest Inc, (Received Apr 26, 2021 at 3:46pm EDT)

**Additional Comments:**
1) Successful Attempt: Apr 27, 2021, 1:36 pm EDT at National Resident Agent Service, Inc: 2300 Henderson Mill Rd Suite 330, Atlanta, GA 30345-0002 received by David Lee Cates. Age: 60-65; Ethnicity: Caucasian; Gender: Male; Weight: 185; Height: 5'10"; Hair: Gray;

Thomas David Gibbs III            Date  4/28/21

Chilton Gibbs and Associates, LLC
723 Main Street
Stone Mountain, GA 30083
404-368-3049

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date  4/28/21            Commission Expires  12/27/2024

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 21 EX 00000 2

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

FILED IN OFFICE
JAN 0 1 2021
DEPUTY CLERK STATE COURT
FULTON COUNTY, GA

IT IS HEREBY ORDERED that the following persons:

ABRAHAM, ROBYN L.
ALLEN, LAKEITA TYESHA
ANDERSON, WILLIAM JAMES
ANDREWS II., GENE EDWARD
AQUIRRE, ANTUAN SAUL
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY JR., STEVEN MICHAEL
BARRON, SHANE WILLIS
BARRY, PAUL EDWIN
BASHAM, JAMES STEVEN
BENITO, RICHARD DAVID
BOLLING, KATHERINE DEVORE
BRAZEMAN, CRAIG PHILIP
BRIDGES, KAYLA DENISE
BRILEY, DONNIE C.
BRYANT, SHEMIKA ROCHELLE
BUNCH, KIM
BYER, EDMOND JOHN
CARITHERS, GREGORY ALLEN
CHILDRESS, CLIFTON
CLEMMONS, JOYCE YVONNE
CLINE, TRAVIS DANIEL
COCHRANE, BABETTE DAWN
COLLIER, WILLIAM MICHAEL
COOK, CHRIS LAMAR
CUNNINGHAM, SALLY K.
DALMAN, JONATHAN BRADFORD
DAMBACH-CIRKO, PATRICIA JOYCE
DANIELS, SONIA LYNN
DAVENPORT, ALTERICK SHEREFF
DAVIDSON, DANNY DOUGLAS
DAVIDSON, MITCHELL THOMAS
DAY, DUANE DAVIDSON
DERRICHO JR., DAVID EMANUEL
DEVAUGHN, CARL LINTON
DOLBIER, JEFFERY ALAN
DREEMAN, DOUGLAS E.
EARTHRISE, ROCHELLE DENISE
ECHOLS, ERIC DWIGHT
ECHOLS, PATRICIA IZETTA

ELLIOTT, MAURICE
FARKAS, BELA
FAULKENER, DANA VANESSE
FAZZIO, DEDREA L.
FERRERO, AMY LYNN
FISHER, DAWN WALLS
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE LARRY
FORD, RONNIE
FOX, JUHANI ALLEN
FREESE, JESSICA RENEE
FULLER, THOMAS WAYNE
GALVIN, ELIZABETH MARY
GAYLE, EARL WINSTON
GELVIN, TAMMY ANITA
GEORGE, RANDAL LEE
GIBBS III., THOMAS DAVID
GILES, HERBERT FREDERICK
GREEN, ANJENAI G.
GREENWAY, KIMBERLY BEHELER
GRIMSHAW, SHANE KELLEE
HANDLEY, WILEY D.
HARRIS, PARKS WAYNE
HASSAN, MUHSIN SHAHID
HASSAN, MUHSIN SHAHID
HEIMERICH JR., RICHARD PAUL
HIGHSMITH, AMOS MATTHEW
HIGHTOWER, ANTHONIO EDWARD
HILL, HOLLIS JEROME
HINDSMAN, CHERROD TER-RAY
HINES, JAMES WILLIAM
HORTON, CHRISTOPHER TODD
HUDSON, HAKIMAH
HUDSON, KYLE
HUGULEY,CK ADONNI
HUMPHREY, JOVIERA Y.
IRVINE, XAVIER ANTOINE
JAMES, FRANK HUGH
JENKINS, STEPHANIE DENISE
JOHNSON, EARL C.

KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KING, AMOS
KIRKLAND, SHIRLEY PATRICIA
KOTLAR, MICHAEL JOHN
LAUSMAN, MARSHA CAROLINE
LETTS, WILLIAM EARL
LEWIS, KEVIN J.
LOUIS, CLYDE A.
LUTWACK, WILLIAM CIRO
MAGGARD, ANDREW M.
MALLAS, NICHOLAS ANDREW
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MCMILLON, ERICKA DANIELLE
MITCHELL, KEVIN JOSEPH
MORGAN, TODD VERNELL
MORRISON, ZURI MCEADY
MOTT, CYNTHIA
MUHAMMAD, AZIZAH
MURPHY JR., GREGORY BERNARD
MURRAH, JUANQUALO DEMON
NICHOLS, JEAN GRINWIS
NICHOLS, LATHAN OTTO
NOLEN, MILTON LEE
O'LEARY, CHRISTINE LOUISE
PANNELL, NICOLE D.
PANNELL, NICOLE D.
PARKER, ADAM DEAN
PARKER, ATARI L.
PERLSON, MARC DAMON
RANSOME, MAURICE
RAUSER, JAYNE E.
RECKERSDREES, THOMAS NMN
REDDICK, DEREK LAMAR
RICHARDSON, LEROY ANTHONY
RIVERS, MICHAEL THOMAS
ROBINSON, JEROY
RUDDOCK, MARGARET A.
RUTLEDGE, RONALD WILLIAM
SADLER JR., JOHN THURSTON

SANDERS, SHAKILLA TERIA
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON-FORD, VIRGINIA L.
SEKLECKI, CHRISTIAN GANTT
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN WILLIAMS
SINGLETON, WESLEY GENE
SMITH JR., BRUCE RICHARD
SMITH, DELACIE
SMITH, RONALD L.
SMITH, VIRGINIAELIZABETH CHARLES
SNELLINGS, SHARON ELAINE
SPEARS, JOYE L.
STANTON, CHRISTOPHER SCOTT
STEWART, RONNIE NORRIS
STINYARD, KELVIN
STONE, ALESIA ANDREA
STONE, RODNEY DAVID
SWINDLE, FRANK LEE
SWINGER, INA LYNN
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TROY, DOUGLAS ADAM
TURNER, TRAVIS DAVON
VELASQUEZ, JULIUS O.
WALKER WHISBY, KATARA Y.
WASHINGTON, SABRINA ANEATHA
WATT, ROOSEVELT
WEBBER, MELINA MARY
WEEKS, FRANCES MARIAN
WEST, ERIC NOEL
WILLIAMS, JACK LELAND R.
WILLIAMS, LAVERN
WINKELMAN, NAN LANGFORD
WOLFE, LISE LYNN
WRIGHT, CHRISTOPHER K.
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2021, without the necessity of an order for appointment in each individual case.

SO ORDERED, this ____ day of January, 2021.

Chief Judge Susan Edlein, Fulton County State Court

State Court of Fulton County
**E-FILED**
21EV002534
4/28/2021 3:09 PM
Christopher G. Scott, Clerk
Civil Division

**AFFIDAVIT OF SERVICE**

| Case:<br>21EV002534 | Court:<br>Fulton County State Court State of Georgia | County:<br>Fulton | Job:<br>5609433 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Lynden Hepburn, And Rhonda Hepburn | | Defendant / Respondent:<br>Horizon Midwest Inc, Horizon Freight System Inc, Quincy Bernard Harvill, And Old Republic Insurance Company | |
| Received by:<br>Chilton Gibbs and Associates, LLC | | For:<br>Witherite Law Group, LLC | |
| To be served upon:<br>Old Republic Insurance Company c/o The Prentice-Hall Corporation System, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Alisha Smith, The Prentice-Hall Corporation System: 2 Sun Ct suite 400, Peachtree Corners, GA 30092-2801

**Manner of Service:** Registered Agent, Apr 27, 2021, 12:59 pm EDT

**Documents:** Summons, Complaint for Damages, (Received Apr 26, 2021 at 3:46pm EDT)

**Additional Comments:**
1) Successful Attempt: Apr 27, 2021, 12:59 pm EDT at The Prentice-Hall Corporation System: 2 Sun Ct suite 400, Peachtree Corners, GA 30092-2801 received by Alisha Smith.
CSC Coordinator

_____  4/28/21
Thomas David Gibbs III          Date

Chilton Gibbs and Associates, LLC
723 Main Street
Stone Mountain, GA 30083
404-368-3049

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public          _____
4/28/21          12/27/2024
Date          Commission Expires

AMMY MER
NOTARY
PUBLIC
DEKALB COUNTY, GEORGIA



IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 21 EX 000002

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

IT IS HEREBY ORDERED that the following persons:

ABRAHAM, ROBYN L.
ALLEN, LAKEITA TYESHA
ANDERSON, WILLIAM JAMES
ANDREWS II., GENE EDWARD
AQUIRRE, ANTUAN SAUL
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY JR., STEVEN MICHAEL
BARRON, SHANE WILLIS
BARRY, PAUL EDWIN
BASHAM, JAMES STEVEN
BENITO, RICHARD DAVID
BOLLING, KATHERINE DEVORE
BRAZEMAN, CRAIG PHILIP
BRIDGES, KAYLA DENISE
BRILEY, DONNIE C.
BRYANT, SHEMIKA ROCHELLE
BUNCH, KIM
BYER, EDMOND JOHN
CARITHERS, GREGORY ALLEN
CHILDRESS, CLIFTON
CLEMMONS, JOYCE YVONNE
CLINE, TRAVIS DANIEL
COCHRANE, BABETTE DAWN
COLLIER, WILLIAM MICHAEL
COOK, CHRIS LAMAR
CUNNINGHAM, SALLY K.
DALMAN, JONATHAN BRADFORD
DAMBACH-CIRKO, PATRICIA JOYCE
DANIELS, SONIA LYNN
DAVENPORT, ALTERICK SHEREFF
DAVIDSON, DANNY DOUGLAS
DAVIDSON, MITCHELL THOMAS
DAY, DUANE DAVIDSON
DERRICHO JR., DAVID EMANUEL
DEVAUGHN, CARL LINTON
DOLBIER, JEFFERY ALAN
DREEMAN, DOUGLAS E.
EARTHRISE, ROCHELLE DENISE
ECHOLS, ERIC DWIGHT
ECHOLS, PATRICIA IZETTA

ELLIOTT, MAURICE
FARKAS, BELA
FAULKENER, DANA VANESSE
FAZZIO, DEDREA L.
FERRERO, AMY LYNN
FISHER, DAWN WALLS
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE LARRY
FORD, RONNIE
FOX, JUHANI ALLEN
FREESE, JESSICA RENEE
FULLER, THOMAS WAYNE
GALVIN, ELIZABETH MARY
GAYLE, EARL WINSTON
GELVIN, TAMMY ANITA
GEORGE, RANDAL LEE
GIBBS III., THOMAS DAVID
GILES, HERBERT FREDERICK
GREEN, ANJENAI G.
GREENWAY, KIMBERLY BEHELER
GRIMSHAW, SHANE KELLEE
HANDLEY, WILEY D.
HARRIS, PARKS WAYNE
HASSAN, MUHSIN SHAHID
HASSAN, MUHSIN SHAHID
HEIMERICH JR., RICHARD PAUL
HIGHSMITH, AMOS MATTHEW
HIGHTOWER, ANTHONIO EDWARD
HILL, HOLLIS JEROME
HINDSMAN, CHERROD TER-RAY
HINES, JAMES WILLIAM
HORTON, CHRISTOPHER TODD
HUDSON, HAKIMAH
HUDSON, KYLE
HUGULEY, CK ADONNI
HUMPHREY, JOVIERA Y.
IRVINE, XAVIER ANTOINE
JAMES, FRANK HUGH
JENKINS, STEPHANIE DENISE
JOHNSON, EARL C.

KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KING, AMOS
KIRKLAND, SHIRLEY PATRICIA
KOTLAR, MICHAEL JOHN
LAUSMAN, MARSHA CAROLINE
LETTS, WILLIAM EARL
LEWIS, KEVIN J.
LOUIS, CLYDE A.
LUTWACK, WILLIAM CIRO
MAGGARD, ANDREW M.
MALLAS, NICHOLAS ANDREW
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MCMILLON, ERICKA DANIELLE
MITCHELL, KEVIN JOSEPH
MORGAN, TODD VERNELL
MORRISON, ZURI MCEADY
MOTT, CYNTHIA
MUHAMMAD, AZIZAH
MURPHY JR., GREGORY BERNARD
MURRAH, JUANQUALO DEMON
NICHOLS, JEAN GRINWIS
NICHOLS, LATHAN OTTO
NOLEN, MILTON LEE
O'LEARY, CHRISTINE LOUISE
PANNELL, NICOLE D.
PANNELL, NICOLE D.
PARKER, ADAM DEAN
PARKER, ATARI L.
PERLSON, MARC DAMON
RANSOME, MAURICE
RAUSER, JAYNE E.
RECKERSDREES, THOMAS NMN
REDDICK, DEREK LAMAR
RICHARDSON, LEROY ANTHONY
RIVERS, MICHAEL THOMAS
ROBINSON, JEROY
RUDDOCK, MARGARET A.
RUTLEDGE, RONALD WILLIAM
SADLER JR., JOHN THURSTON

SANDERS, SHAKILLA TERIA
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON-FORD, VIRGINIA L.
SEKLECKI, CHRISTIAN GANTT
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN WILLIAMS
SINGLETON, WESLEY GENE
SMITH JR., BRUCE RICHARD
SMITH, DELACIE
SMITH, RONALD L.
SMITH, VIRGINIAELIZABETH CHARLES
SNELLINGS, SHARON ELAINE
SPEARS, JOYE L.
STANTON, CHRISTOPHER SCOTT
STEWART, RONNIE NORRIS
STINYARD, KELVIN
STONE, ALESIA ANDREA
STONE, RODNEY DAVID
SWINDLE, FRANK LEE
SWINGER, INA LYNN
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TROY, DOUGLAS ADAM
TURNER, TRAVIS DAVON
VELASQUEZ, JULIUS O.
WALKER WHISBY, KATARA Y.
WASHINGTON, SABRINA ANEATHA
WATT, ROOSEVELT
WEBBER, MELINA MARY
WEEKS, FRANCES MARIAN
WEST, ERIC NOEL
WILLIAMS, JACK LELAND R.
WILLIAMS, LAVERN
WINKELMAN, NAN LANGFORD
WOLFE, LISE LYNN
WRIGHT, CHRISTOPHER K.
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2021, without the necessity of an order for appointment in each individual case.

SO ORDERED, this ___ day of January, 2021.

Susan E Edlein

Chief Judge Susan Edlein, Fulton County State Court

**State Court of Fulton County**
**\*\*E-FILED\*\***
**21EV002534**
**5/4/2021 2:56 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

**AFFIDAVIT OF SERVICE**

| Case: 21EV002534 | Court: Fulton County State Court State of Georgia | County: Fulton | Job: 5609433 |
|---|---|---|---|
| Plaintiff / Petitioner: Lynden Hepburn, And Rhonda Hepburn | | Defendant / Respondent: Horizon Midwest Inc, Horizon Freight System Inc, Quincy Bernard Harvill, And Old Republic Insurance Company | |
| Received by: Chilton Gibbs and Associates, LLC | | For: Witherite Law Group, LLC | |
| To be served upon: Quincy Bernard Harvill; Horizon Freight System Inc c/o National Resident Agent Service Inc, Registered Agent; Horizon Midwest Inc/ c/o Registered Agent National Resident Agent Service, Inc. c/o Rogers & Cates PC/ David Lee Cates; and Old Republic Insurance Company c/o The Prentice-Hall Corporation System, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| **Recipient Name / Address:** | Unnamed co-resident of Quincy Bernard Harvill, 2515 Martin Cir, Birmingham, AL 35235-2138 |
| **Manner of Service:** | Substitute Service - Abode, May 2, 2021, 7:06 pm EDT |
| **Documents:** | Summons, Complaint for Damages, Plaintiffs' First Interrogatories, First Request For Production Of Documents, And First Request For Admissions To Defendant Quincy Bernard Harvill (Received Apr 26, 2021 at 3:46pm EDT) |

**Additional Comments:**
1) Successful Attempt: May 2, 2021, 7:06 pm EDT at 2515 Martin Cir, Birmingham, AL 35235-2138 received by Unnamed co-resident of Quincy Bernard Harvill. Age: 35-40; Ethnicity: African American; Gender: Female; Weight: 160; Height: 5'6"; Hair: Black; Relationship: co-resident;
Black female co-resident of the defendant stated that the defendant lived there with her. When presented with the paperwork, she stated that the defendant lived there. She further stated that there was an Attorney handling this and that he had instructed them not to accept anything from anyone. I explained to her that the defendant was being sued and that I could serve him or any other adult living with him. She refused to take the paperwork or give me her name, I left the paperwork at the door and left the premises. The was a Tractor/Truck parked in the front yard with Horizon Midwest decals on the door.

Subscribed and sworn to before me by the affiant who is personally known to me.

_____        5/3/21
Thomas David Gibbs III            Date

Chilton Gibbs and Associates, LLC
723 Main Street
Stone Mountain, GA 30083
404-368-3049

Notary Public
5/3/21                    12/27/2024
Date                 Commission Expires

AMMY MERA
NOTARY
PUBLIC
DEKALB COUNTY, GEORGIA



IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order #: 21 EX 000002

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

FILED IN OFFICE
JAN 0 1 2021
DEPUTY CLERK STATE COURT
FULTON COUNTY, GA

IT IS HEREBY ORDERED that the following persons:

ABRAHAM, ROBYN L.
ALLEN, LAKEITA TYESHA
ANDERSON, WILLIAM JAMES
ANDREWS II., GENE EDWARD
AQUIRRE, ANTUAN SAUL
ARMSTRONG, CHRISTOPHER J.
BAILEY, ANNA MARIE
BARNEY JR., STEVEN MICHAEL
BARRON, SHANE WILLIS
BARRY, PAUL EDWIN
BASHAM, JAMES STEVEN
BENITO, RICHARD DAVID
BOLLING, KATHERINE DEVORE
BRAZEMAN, CRAIG PHILIP
BRIDGES, KAYLA DENISE
BRILEY, DONNIE C.
BRYANT, SHEMIKA ROCHELLE
BUNCH, KIM
BYER, EDMOND JOHN
CARITHERS, GREGORY ALLEN
CHILDRESS, CLIFTON
CLEMMONS, JOYCE YVONNE
CLINE, TRAVIS DANIEL
COCHRANE, BABETTE DAWN
COLLIER, WILLIAM MICHAEL
COOK, CHRIS LAMAR
CUNNINGHAM, SALLY K.
DALMAN, JONATHAN BRADFORD
DAMBACH-CIRKO, PATRICIA JOYCE
DANIELS, SONIA LYNN
DAVENPORT, ALTERICK SHEREFF
DAVIDSON, DANNY DOUGLAS
DAVIDSON, MITCHELL THOMAS
DAY, DUANE DAVIDSON
DERRICHO JR., DAVID EMANUEL
DEVAUGHN, CARL LINTON
DOLBIER, JEFFERY ALAN
DREEMAN, DOUGLAS E.
EARTHRISE, ROCHELLE DENISE
ECHOLS, ERIC DWIGHT
ECHOLS, PATRICIA IZETTA

ELLIOTT, MAURICE
FARKAS, BELA
FAULKENER, DANA VANESSE
FAZZIO, DEDREA L.
FERRERO, AMY LYNN
FISHER, DAWN WALLS
FITZGERALD, FLORETTA
FOLDS, CATHERINA PILAR
FOLDS, GEORGE LARRY
FORD, RONNIE
FOX, JUHANI ALLEN
FREESE, JESSICA RENEE
FULLER, THOMAS WAYNE
GALVIN, ELIZABETH MARY
GAYLE, EARL WINSTON
GELVIN, TAMMY ANITA
GEORGE, RANDAL LEE
GIBBS III., THOMAS DAVID
GILES, HERBERT FREDERICK
GREEN, ANJENAI G.
GREENWAY, KIMBERLY BEHELER
GRIMSHAW, SHANE KELLEE
HANDLEY, WILEY D.
HARRIS, PARKS WAYNE
HASSAN, MUHSIN SHAHID
HASSAN, MUHSIN SHAHID
HEIMERICH JR., RICHARD PAUL
HIGHSMITH, AMOS MATTHEW
HIGHTOWER, ANTHONIO EDWARD
HILL, HOLLIS JEROME
HINDSMAN, CHERROD TER-RAY
HINES, JAMES WILLIAM
HORTON, CHRISTOPHER TODD
HUDSON, HAKIMAH
HUDSON, KYLE
HUGULEY, CK ADONNI
HUMPHREY, JOVIERA Y.
IRVINE, XAVIER ANTOINE
JAMES, FRANK HUGH
JENKINS, STEPHANIE DENISE
JOHNSON, EARL C.

KAHSSU, HAILE TANKEY
KIDD, ELIZABETH A.
KING, AMOS
KIRKLAND, SHIRLEY PATRICIA
KOTLAR, MICHAEL JOHN
LAUSMAN, MARSHA CAROLINE
LETTS, WILLIAM EARL
LEWIS, KEVIN J.
LOUIS, CLYDE A.
LUTWACK, WILLIAM CIRO
MAGGARD, ANDREW M.
MALLAS, NICHOLAS ANDREW
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MCMILLON, ERICKA DANIELLE
MITCHELL, KEVIN JOSEPH
MORGAN, TODD VERNELL
MORRISON, ZURI MCEADY
MOTT, CYNTHIA
MUHAMMAD, AZIZAH
MURPHY JR., GREGORY BERNARD
MURRAH, JUANQUALO DEMON
NICHOLS, JEAN GRINWIS
NICHOLS, LATHAN OTTO
NOLEN, MILTON LEE
O'LEARY, CHRISTINE LOUISE
PANNELL, NICOLE D.
PANNELL, NICOLE D.
PARKER, ADAM DEAN
PARKER, ATARI L.
PERLSON, MARC DAMON
RANSOME, MAURICE
RAUSER, JAYNE E.
RECKERSDREES, THOMAS NMN
REDDICK, DEREK LAMAR
RICHARDSON, LEROY ANTHONY
RIVERS, MICHAEL THOMAS
ROBINSON, JEROY
RUDDOCK, MARGARET A.
RUTLEDGE, RONALD WILLIAM
SADLER JR., JOHN THURSTON

SANDERS, SHAKILLA TERIA
SAXON, JASMINE N.
SAXON, RASHAD L.
SAXON, ROBIN L.
SAXON-FORD, VIRGINIA L.
SEKLECKI, CHRISTIAN GANTT
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN WILLIAMS
SINGLETON, WESLEY GENE
SMITH JR., BRUCE RICHARD
SMITH, DELACIE
SMITH, RONALD L.
SMITH, VIRGINIAELIZABETH CHARLES
SNELLINGS, SHARON ELAINE
SPEARS, JOYE L.
STANTON, CHRISTOPHER SCOTT
STEWART, RONNIE NORRIS
STINYARD, KELVIN
STONE, ALESIA ANDREA
STONE, RODNEY DAVID
SWINDLE, FRANK LEE
SWINGER, INA LYNN
TASSAW, BERHANE B.
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TROY, DOUGLAS ADAM
TURNER, TRAVIS DAVON
VELASQUEZ, JULIUS O.
WALKER WHISBY, KATARA Y.
WASHINGTON, SABRINA ANEATHA
WATT, ROOSEVELT
WEBBER, MELINA MARY
WEEKS, FRANCES MARIAN
WEST, ERIC NOEL
WILLIAMS, JACK LELAND R.
WILLIAMS, LAVERN
WINKELMAN, NAN LANGFORD
WOLFE, LISE LYNN
WRIGHT, CHRISTOPHER K.
ZAYAS, ROBERTO

be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2021, without the necessity of an order for appointment in each individual case.

SO ORDERED, this ____ day of January, 2021.

Susan E Edlen

Chief Judge Susan Edlein, Fulton County State Court

# EXHIBIT "2"

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

LYNDEN HEPBURN and
RHONDA HEPBURN,

       Plaintiffs,

v.

HORIZON MIDWEST, INC.,
HORIZON FREIGHT SYSTEM, INC.,
QUINCY BERNARD HARVILL, and
OLD REPUBLIC INSURANCE CO.,

       Defendants.

**CIVIL ACTION
FILE NO.  21EV002534**

## NOTICE OF FILING REMOVAL TO FEDERAL COURT

COME NOW Defendants Horizon Midwest, Inc., Horizon Freight System, Inc., Quincy Bernard Harvill, and Old Republic Insurance Company (collectively, "Defendants"), by and through their undersigned counsel of record, without submitting themselves to the jurisdiction or venue of this Court and, pursuant to 28 U.S.C. § 1446(d), file this Notice of Removal to Federal Court, with a copy of the Notice of Removal attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1332, Defendants have removed this matter to the United States District Court for the Northern District of Georgia, Atlanta Division, on the basis of diversity jurisdiction, and they have provided a copy of this filing to Plaintiffs through counsel. Accordingly, and pursuant to 28 U.S.C. § 1446(d), Defendants respectfully request that this Court not proceed in the instant civil action unless and until the same is remanded.

Respectfully submitted this 26th day of May, 2021.

*(SIGNATURE TO FOLLOW ON NEXT PAGE)*

4813-8342-6281.1

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ Kyle A. Ference*
WM. DANIEL FLOYD
Georgia Bar No. 153031
KYLE A. FERENCE
Georgia Bar No. 683043

*Counsel for Defendants*

600 Peachtree Street, NE
Suite 4700
Atlanta, Georgia 30308
404.476.2001 – Telephone
404.467.8845 – Facsimile
Daniel.Floyd@lewisbrisbois.com
Kyle.Ference@lewisbrisbois.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that we have this day filed the within and foregoing **NOTICE OF FILING REMOVAL TO FEDERAL COURT** with the Clerk of Court using Odyssey E-File and served a copy upon all counsel of record by U.S. Mail, with proper postage, addressed as follows:

J. Martin Futrell
WITHERITE LAW GROUP, LLC
600 West Peachtree Street NW, Suite 740
Atlanta, GA 30308
MARTIN.FUTRELL@WITHERITELAW.COM

*Counsel for Plaintiff*

Submitted this <u>26th</u>  day of <u>May</u>, 2021.

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ Kyle A. Ference*
WM. DANIEL FLOYD
Georgia Bar No. 153031
KYLE A. FERENCE
Georgia Bar No. 683043

*Counsel for Defendants*

600 Peachtree Street, NE
Suite 4700
Atlanta, Georgia 30308
404.476.2001 – Telephone
404.467.8845 – Facsimile
Daniel.Floyd@lewisbrisbois.com
Kyle.Ference@lewisbrisbois.com

# EXHIBIT "3"

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LYNDEN HEPBURN and<br>RHONDA HEPBURN,<br><br>       Plaintiffs,<br><br>v.<br><br>HORIZON MIDWEST, INC.,<br>HORIZON FREIGHT SYSTEM, INC.,<br>QUINCY BERNARD HARVILL, and<br>OLD REPUBLIC INSURANCE CO.,<br><br>       Defendants. | CIVIL ACTION NO.:<br><br>_____<br><br><br>Removed from the State Court of<br>DeKalb County, Georgia, Civil<br>Action File No. 21A00551 |

## **AFFIDAVIT**

STATE OF GEORGIA   :

COUNTY OF FULTON :

     Before me, the undersigned officer, duly authorized to administer oaths, personally appeared Kyle A. Ference who, being duly sworn according to law, did depose and state that he is counsel of record for Defendants Horizon Midwest, Inc., Horizon Freight System, Inc., Quincy Bernard Harvill, and Old Republic Insurance Company, and, as such, is authorized to make this Affidavit and, further, that the facts set form in the foregoing Notice of Removal are true and correct to the best of his knowledge, information, and belief.

4848-8750-5129.1

Respectfully submitted this 26th day of May, 2021.

**LEWIS BRISBOIS BISGAARD &
SMITH LLP**

*Kyle A. Ference*

KYLE A. FERENCE
Georgia Bar No.: 683043

600 Peachtree Street, NE                  *Counsel for Defendants*
Suite 4700
Atlanta, Georgia 30308
404.348.8585 – Telephone
404.467-8845 – Facsimile
Kyle.Ference@lewisbrisbois.com

Sworn to and subscribed before me this
**2th** day of May, 2021.

*Kerri M Coakley*
Notary Public

My commission expires:
12/11/2024

2 of 2